R. S. HUNTER et al. v. J. L. SCOTT, Adm'r of CORNELIA HUNTER et al.

*Contract—Insurance*

In an application for insurance, the " wife and her children" of the applicant were designated as the beneficiaries, but in the policy issuing thereon the wife *and her personal representatives and assigns* were named as the beneficiaries : the policy was received and acted on by the insurer and insured without objection : *Held*, that the policy constituted the contract of the parties.

CIVIL ACTION, heard upon case agreed at Fall Term, 1890, of ALAMANCE Superior Court, *MacRae, J.*, presiding.

The action was brought by the children of Cornelia Hunter, deceased, against her administrator, and others claiming as assignees, to recover the amount collected by the administrator on a policy of insurance issued by the Valley Mutual Life Association of Virginia.

Judgment was given for defendants, and plaintiffs appealed.

The other material facts are stated in the opinion.

*Mr. J. A. Long*, for plaintiff.
*Messrs. J. W. Graham* and *Junius Parker*, for defendant.

CLARK, J.: The application for insurance specified as the proposed beneficiaries the wife of the applicant "for herself and children." The policy as issued designated the wife and "her personal representatives and assigns" as the beneficiaries. The policy was received by the insured without objection, was acted upon by both parties, and the premiums regularly paid thereon.

The only question presented is whether the beneficiaries of the policy are those named in the policy itself, or those named in the application.

If A writes a letter to B making an itemized proposal, and B replies accepting the proposal, but in reciting the items varies one of them, it is clear that as to such item the two minds are not agreed, and there is no completed contract. But if A receives B's reply as the contract, accepts it, acts on it, and pays money in pursuance of its terms, the application as modified by the reply will constitute the contract between the parties. Construing the two papers together, the item in the application, not accepted in the reply, was not agreed on, while the modification of it in the reply, accepted without objection by the applicant and acted upon by both parties, was assented to and became as much an integral part of the contract as if stated in the original proposal. This is so plain that no citation of authority is necessary. It is not alleged in the complaint, nor stated among the "facts agreed," that by mistake, accident or inadvertence, the policy does not correctly state the contract between the parties, and even if this had been alleged the correction could not be made to the prejudice of *bona fide* assignees for value without notice.

Affirmed.