THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

*v.*

JAMES GODFREY, administrator, &c., et al.

[Decided February 20th, 1909.]

A policy of insurance was issued by the complainant company, payable unto the executors, administrators or assigns of the person insured, unless settlement should be made under the provisions of article 2 thereof to any relative by blood, or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for her burial or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them should be conclusive evidence that such benefits had been paid to the person or persons entitled thereto, and that all claims under the policy had been fully satisfied, such article being for the facility of payment by the company. Immediately after the death of the person insured her half-sister furnished proofs of death and made claim for the sum insured, having paid the premiums on the policy which she surrendered, together with the premium receipt book. Afterwards the decedent's husband was granted administration upon her estate and made claim for the insurance money under the policy, and brought suit at law to enforce such claim. The company paid neither of the claimants and filed its bill of interpleader in this cause.—*Held,* that the complainant had a right to pay any one of the persons named in the facility of payment clause up to the time that suit was brought by the person entitled to payment under the contract, namely, the administrator of the insured, and that such payment would have been a complete defence to the administrator's action; but, not having made such payment, the right of the administrator under the contract upon suit brought was complete, and a plea by the company of subsequent payment to one of the class mentioned would not operate to bar the administrator's suit.

On final hearing on bill, answers, and answer in the nature of a cross-bill.

*Mr. Edward D. Duffield,* for the complainant.

*Mr. G. Dore Cogswell,* for the defendant James Godfrey, administrator.

*Mr. William B. Knight* and *French & Richards,* for the defendant Mary Orr.

WALKER, V. C.

The bill is one of interpleader and alleges that on April 5th, 1897, the complainant, by its certain policy in writing, insured the life of Abbie Hovis, of Camden, in. the sum of $285, which policy provided that the sum named should become payable unto the executors, administrators or assigns of the person insured, unless settlement should be made under the provisions of article 2 thereof within twenty-four hours after acceptance at the complainant's home office in Newark of satisfactory proof of the death of the insured during the continuance of the policy; that in the second clause of the policy it was provided under the title of "facility of payment," that the complainant might pay the benefits provided in the policy to any relative by blood or connection by marriage of the insured or to any other person appearing to the complainant to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial or for any other purpose, and the production by the complainant of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them should be conclusive evidence that such benefits had been paid to the person or persons entitled thereto and that all claims under the policy had been fully satisfied.

The bill, after alleging the rival claims of the defendants, concludes with the usual averments that the complainant has been unable to determine to whom of right the sum mentioned in the policy belongs, and that it has always been willing to pay the sum due to such person or persons as should be lawfully entitled to receive the same and to whom it can pay with safety, and it does not in any respect collude with either of the defendants touching these matters, and that it has not been indemnified by either of them, but brings the suit of its own free will and to avoid being molested and injured in the premises.

The defendant Mary Orr answered and set up that she is the equitable assignee and owner of the policy, being the person who

effected the insurance, paid the premiums thereon, and is the half-sister and nearest blood relation of the insured, and is equitably entitled to the money to be paid under the policy.

The defendant James Godfrey, administrator of the insured, answered, and by way of cross-bill exhibited against the defendant Mary Orr, set up that as administrator he was entitled to receive the amount due upon the policy in accordance with the terms thereof, and to the answer in the nature of a cross-bill the defendant Mary Orr put in an answer instead of a special replication, but no objection was made to the form of the pleading.

It ought to be stated that the defendant. Godfrey set up that Mrs. Orr was neither a relative of his wife, the insured, nor did she pay the premiums on the policy with her own money.

The following facts were clearly proved upon the hearing: The insured died May 14th, 1907. The next day the defendant Mary Orr, who was a half-sister, furnished proofs of death and made claim for the sum insured, having herself taken out the policy on her half-sister's life, which policy she always had in her possession, and paid the premiums upon it with her money, and surrendered the policy and receipt book to the company. The insured, between the time of the taking out of the policy and her death, had married the defendant James Godfrey, who became her administrator. Two days after the death of the insured her husband was granted administration upon her estate by the surrogate of Camden, and on May 23d, 1907, he furnished proofs of death to the complainant, and made a claim for the insurance money under the policy. The complainant having paid neither Mrs. Orr nor the administrator, the latter, on June 27th, 1907, commenced suit against the complainant, who was on that day served with summons in the action. The proofs of death sent in by Mrs. Orr were made out by John Dolton, assistant superintendent of the complainant company, in the presence of Mr. Godfrey, who made no objection. The claim put in by Mrs. Orr was marked paid, but was not in fact paid. The assistant superintendent testified that the word so marked indicated that the company had accepted Mrs. Orr's claim. On May 17th, 1907, the home office telegraphed the Camden superintendent to pay the claim, not saying to whom, and Mrs. Orr

was notified by the manager that her claim was approved and should be received by her promptly. At that time the defendant Godfrey had made claim, not formally it is true, but had notified the Camden superintendent, who, upon receipt of the telegram, called upon the claimants and tried to get them to agree concerning the matter of payment, but was unable so to do.

It is to be noticed that no beneficiary was named in the policy under consideration. The contract was to pay within twenty-four hours after acceptance of satisfactory proof of death, unto the executors, administrators or assigns of the insured, the amount named in the policy, unless settlement should be made under the provisions of article 2.

The "facility of payment" clause is one under which the company may, but is not obliged to, make payment to anyone of the class of persons named. It is true that the defendant Mrs. Orr took out the policy and paid all the premiums thereon. She is therefore a person who "incurred expense * * * on behalf of the insured" and to whom the company might, but did not have to, pay the benefits provided in the policy. By the policy the complainant "agreed to pay * * * unto the executors, administrators or assigns of" Abbie Hovis (Godfrey) the insurance money "unless settlement shall be made under the provisions of article 2."

A policy somewhat similar to the one under consideration was before the supreme court in *Brooks* v. *Metropolitan Life Insurance Co., 70 N. J. Law (41 Vr.) 36.* In the *Brooks Case* a beneficiary was named in the policy which also contained a condition that the company might pay the policy to either an executor or administrator, husband or wife, or relative by blood, or lawful beneficiary of the insured, and that a receipt in full, signed by either of them, should be conclusive evidence that payment had been made to the person lawfully entitled and that all claims upon the company under the policy had been fully satisfied. It was held that upon the death of the insured leaving a lawful beneficiary the contract would be treated as an appointment of the persons named, any one of whom was authorized to receive payment from the company, and it followed that the company might make payment to any one of the persons so ap-

pointed as it might elect, but that whether a plea of payment to a person of the class would be a bar to the action where it appeared that the payment had been made after the suit was begun, was not decided, nor has it since been decided in this state. That question is directly involved in this suit and must now be determined.

In *Lewis* v. *Metropolitan Life Insurance Co., 178 Mass. 52,* suit was brought by the son of the person to whom a policy of life insurance had been issued. He had supported her for several years before her death and had paid her funeral expenses, and notified the company almost immediately of her death and was furnished blanks by them, on which the proofs of death were made. He paid the premiums upon the policy. The supreme court of Massachusetts held (at *p. 54*) that the plaintiff had no rights under the policy sued on. No one was named as beneficiary in the policy and it contained a facility of payment clause. The court said that that clause does not entitle one to whom payment might have been made, but who is not named as the beneficiary in the policy or otherwise designated as the person who is to receive the sum to be paid, to enforce payment of the sum due under it, and that such suit can be maintained only by the executor or administrator of the insured, with whom the contract was made, nor did the fact that he paid the premiums, between the time of the issuance of the policy and the death of the insured, give a right to sue for the amount to be paid, the premiums paid under the policy being in legal contemplation paid by the insured.

In *Prudential Insurance Co.* v. *Young, 43 N. E. Rep. 253,* where an industrial insurance policy was sued upon, which contained a facility of payment clause and did not designate a beneficiary in whom the right to benefits under the policy vested, the court said that no right vested in the persons referred to in the clause, if for no other reason than that their right depended upon the willingness of the company to recognize them, which it was not bound to do, and that it was plain that the beneficiary designated was the insured's estate.

In *Golden* v. *Metropolitan Life Insurance Co., 35 N. Y. App. Div. 569,* suit was brought by the person named as beneficiary

in two policies of insurance, and as the company had not paid the amount of the insurance to any of the persons named in the clause providing for the facility of payment, it was held that the plaintiff was entitled to recover.

In *Wokal* v. *Belsky, 53 N. Y. App. Div. 167,* suit was brought by the administrator of a decedent against a life insurance company and an adverse claimant under a policy of insurance containing a facility of payment clause. The court held (at *p. 170*) that such a clause is for the protection of the company tò enable it to discharge its obligation by payment to any one of the class designated without requiring administration, and that the only effect of the clause is to provide the company with a defence in case it has paid thereunder, and that it neither grants nor takes away from any person a cause òf action.

In *Thompson* v. *Prudential Life Insurance Co., 119 N. Y. App. Div. 666,* the court held (at *p. 669*) that it seemed that if payment had been made by defendant, prior to notice of the plaintiff's claim as administratrix, to a person chosen from one of the classes designated in provision 2 (a facility of payment clause), in the due exercise of the discretionary power of selection reserved to it by that provision, that fact would be a complete defence to the action, and (at *p. 670*) that under the terms of the policy the plaintiff, as administratrix, could recover only in the event that the defendant had not paid the insurance to some person in pursuance of the facility of payment clause.

My judgment is that the complainant had a right to pay any one of the persons named in the facility of payment clause in the policy under consideration, up to the time that suit was brought by the person entitled to payment under the contract, namely, the administrator of the insured; and that such payment would be a complete defence to the administrator's action; but, not having made such payment, the right of the administrator under the contract, upon suit brought, was complete, and that a plea by the company of subsequent payment to one of the class mentioned, would not operate to bar the administrator's suit.

This view, as I understand it, does not conflict with the decision in *Metropolitan Life Insurance Co.* v. *Schaffer, 50 N. J. Law (21 Vr.) 72.* In that case it was held that the production

by the insurance company of the policy and the premium receipt book and the receipt of a daughter of the insured, constituted a complete defence against a claim of the beneficiary named in the application for the policy, a condition of the policy being that payment might be made to the beneficiary or an executor or administrator, husband or wife, or relation by blood or connection by marriage. While the plaintiff was named as beneficiary in the application, there was no contract in the policy to pay such beneficiary, the contract being to pay the person or persons named in condition 5 of the policy, just recited. Furthermore, it would appear, though it is not stated, that the suit, which was brought by the plaintiff named in the application, was brought after payment made to the daughter, who was one of the class to whom payment might be made. This must certainly be true; that is, payment must have been made before suit brought, for this case of *Metropolitan Life Insurance Co.* v. *Schaffer* was cited and referred to in *Brooks* v. *Metropolitan Life Insurance Co., ubi supra,* in which last case it was held that the question of timely payment was left undecided.

The complainant had a right to file its bill of interpleader in this cause, because the question arising upon the adverse claims of the defendant had not been adjudicated in this state, but, on the contrary, had been left expressly undecided in a case in the supreme court, in which it was mooted, and the complainant was therefore embarrassed by hostile claims, and could not with safety pay either of the claimants.

As the whole controversy between the parties was submitted upon the hearing, namely, the right of the complainant to bring interpleader, and the right of the defendants to the fund, as against each other, there will be a decree that the complainant pay the moneys into court, out of which it will be entitled to its taxed costs and a reasonable allowance for counsel fee, which fee will be fixed upon notice to the defendant Godfrey, administrator, to whom the balance of the fund will be directed to be paid.