AGNES T. ALLEN, administratrix, petitioner-appellant,

*v.*

WILLIAM M. ALLEN, respondent-defendant.

[Argued November term, 1917. Decided March term, 1918.]

An administratrix received from a life insurance company the amount of a policy payable to the executors, administrators or assigns of the insured intestate, under a provision of the policy which enabled the insurer to facilitate payment of the fund by paying the same to any relative of the deceased by blood or marriage, the recipient in this case being the widow.—*Held*, that the fund so obtained was held in trust for the estate of the deceased intestate, and should be included in the inventory of assets of the estate.

On appeal from a decree of the prerogative court.

*Mr. Oscar B. Redrow,* for the appellant.

*Mr. David O. Watkins,* for the respondent.

The opinion of the court was delivered by

MINTURN, J.

The appellant, administratrix of the estate of Edward B. Allen, deceased, applied to the orphans court for an order to sell the real estate of the deceased, to pay his debts, upon the ground of the insufficiency of the personalty applicable for that purpose.

Upon a rule to show cause the respondent, a son and sole heir of deceased, contested the application upon the ground that the administratrix was in possession of $542.87, the amount of the proceeds of a policy of insurance, issued by the Prudential Life Insurance Company upon the life of deceased, for the receipt of which the administratrix had failed to account.

The administratrix admitted the receipt of the money but insisted that she received it not in her representative capacity, but as widow of the deceased, and that it enured to her in her individual right. If this sum is to be included in the property of the estate there will be no deficiency of personal assets, and the application to sell the lands must fall, because of the absence of the statutory contingency. Orphans Court act, section 83.

The question was decided adversely to the petitioner by the orphans court, which held that the fund was the property of the estate, and thereby finding no insufficiency of personal assets, discharged the rule to show cause. That result was affirmed by the prerogative court.

The solution of the inquiry necessarily must be based upon the terms of the policy which presents the contract between the deceased and the insurance company. The pertinent provisions of the policy are:

"In consideration of the application for this policy, and of the payment of the weekly premium of thirty-eight cents, on or before every Monday during the continuance of this contract, promises to pay at its home office, in the city of Newark, New Jersey, unto the executors, administrators or assigns of Edward B. Allen, the person herein designated as the insured, unless payment shall be made under the provisions of article second hereinafter contained, the sum of $500.00," &c.

Article second provides, _

"The company may pay the sum of money insured hereby, to any relative by blood, or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose, and the production by the company of a receipt signed by either or any of said persons or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum shall be paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

The learned vice-ordinary held that the option of payment thus retained by the insurance company, under the language of the policy, and which option was exercised by the company in this instance, operated to discharge the company from any further or

other liability upon the policy, for the reasons fully discussed in the supreme court in *Brooks* v. *Metropolitan Life Insurance Co.,* *70 N. J. Law 36,* which case was cited by the present chancellor, with approval, in *Prudential Insurance Co.* v. *Godfrey, 75 N. J. Eq. 484,* which case was subsequently affirmed, on appeal to this court, in *77 N. J. Eq. 267.*

The further result of these adjudications was to declare that the payment thus made by the insurance company in the exercise of its option did not operate *ipso facto* to confer upon the payee of the fund any legal right of property therein, but constituted the payee a constructive trustee, who held the fund in trust for the benefit of the estate.

The express covenant in the present policy emphasizes that situation, for the language is that the insurer, for the consideration named, "promises to pay * * * unto the executors, administrators or assigns of Edward B. Allen, the sum of $500."

The fact that to this promise is superadded a provision which is intended to enable the insurer for its own convenience to facilitate payment, so as to speedily discharge itself from its obligation on the policy, and incidentally enables it to provide speedy aid to the family of the insured, presumably in a period of distress, does not lessen the legal liability of the recipient of the fund, as constructive trustee for the legal beneficiary under the plain terms of the policy. *2 Mad. Ch. 124,* and cases.

The decree of the ordinary will be affirmed, with costs.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.