## BARTLEY, Adm'x, v. SUMMERS.

No. 28728.   March 26, 1940.

*100 P. 2d 847.*

Dallas W. Knapp, of Coffeyville, Kan., and Geo. B. Schwabe, of Tulsa, for plaintiff in error.

Eldon J. Dick, of Tulsa, for defendant in error.

DAVISON, J. This case is presented on appeal from the court of common pleas of Tulsa county, Okla. It involves the interpretation of an "Active Protection Certificate" issued by the Public Securities Corporation, an Oklahoma corporation.

Frank G. Bartley, now deceased, made an application in writing to the Public Securities Corporation for a one-thousand-dollar "Active Protection Certificate." Subsequently and on the same day a certificate designated as No. 1111 was issued.

The certificate as issued contemplated that Bartley should make consecutive monthly payments of $5 each for a designated number of months, and that the company would in consideration thereof, when such payments had been completed, pay the principal sum of $1,000 on a date therein stated to the registered holder of the certificate. The registered holder of the certificate herein involved was Frank G. Bartley. The certificate contained additional provisions with reference to interest and accumulated surplus, an investment with which we are not here concerned.

It also contained in fine print the following provision relating to death or disability:

"Should the registered holder of this certificate die or become totally and permanently disabled, as hereinafter de-fined, his or her legal representatives may at their option:

"(a) Continue this Certificate by making payments; or,

"(b) Surrender the same and accept full amount paid thereon with interest at the rate of four per cent. per annum, up to and including the last interest anniversary date before date of default, if any, together with the amounts of any additional monthly payments made, less any indebtedness due the Corporation. * * *"

Copied on the certificate and made a part thereof by express provision of the certificate proper was the application made by Bartley, from which the following excerpts are quoted:

"This application is taken subject to the approval of the Public Securities Corporation at Tulsa, Oklahoma. No one has authority to alter or vary the terms of this application or the certificate to be issued in pursuant thereof. * * *

"In case of death, the proceeds of this Certificate and/or Insurance, shall be paid to Della Summers as beneficiary."

The name of the beneficiary as above designated was inserted in the blank left for that purpose in the printed form provided for in the application.

When the certificate was issued and delivered to Mr. Bartley, he immediately delivered the same to the named beneficiary, Della Summers.

Mr. Bartley had been separated from his wife, Dora E. Bartley, for a number of years, but the two were not divorced.

Bartley died intestate on June 10, 1937, having paid on the certificate the sum of $120. His wife was appointed administratrix of his estate.

There was then due and owing by the company on the certificate the sum of $120 plus $2.69 accumulated as interest, or a total of $122.69.

The corporation being in doubt as to whom it should pay the above sum, instituted this action in the nature of a bill in interpleader on July 21, 1937, in the court of common pleas of Tulsa county, Okla., naming as defendants Della Sum-

mers and Dora E. Bartley, the rival claimants to the money, and tendering the sum due for payment to the person entitled thereto.

The two claimants, by appropriate pleadings, asserted their respective demands in which the foregoing pertinent facts appeared and were uncontroverted. Each of the parties moved for judgment on the pleadings, and on the 17th day of December, 1937, the court sustained the motion of Della Summers. Judgment was accordingly entered in her favor, and Dora E. Bartley, as administratrix of the estate of Frank G. Bartley, deceased, presents the cause to this court on appeal.

It is conceded by the parties to this appeal that there was no issue of fact involved which should have been determined by the court and that the disposition of the cause on motion for judgment on the pleadings was proper and appropriate.

The plaintiff in error urges that:

"Where there was a variance between the application for the certificate and the certificate itself as to the designated beneficiaries of the proceeds of the certificate, the designation of the certificate should prevail."

And that:

"Receipt and retention of certificate, with changed beneficiary, indicates acceptance of change by certificate holder."

The plaintiff in error in presenting these propositions invokes as applicable decisions relating to contracts of insurance. While the contract before us may not, as defendant in error urges, be properly classified as one strictly of insurance (a point which we do not decide), we regard it as sufficiently analogous in essential characteristics to render the insurance decisions applicable, if such decisions are, upon consideration of fundamental concepts of law, in point.

The plaintiff in error points out that in this case there is conflict between the application and the certificate as to the beneficiary in case of death of the regis-

tered holder and asserts that in such case the provisions of the certificate (or policy, in insurance cases) govern over the conflicting provisions in the application.

It is the general rule, as stated in 14 R.C.L. 934, that "In case of conflict between the provisions of a policy and statements contained in an application the former controls." The rule as stated is based upon general principles governing contracts. Thus the application is the offer and the policy the acceptance thereof, and where the policy varies from the application, as for instance in naming the beneficiary, it is considered that the policy constitutes in that respect a counter offer by the company and that the acceptance and retention of the policy by the insured completes the contract contrary to the provisions of the application. See annotation 11 A. & E. Ann. Cases, page 708, and cases therein cited, especially Hunter v. Scott, 108 N. C. 213, 12 S. E. 1027, which is specifically relied upon by the plaintiff herein.

It is at once apparent that the circumstances and form of a contract may be such as to warrant the application of other principles relating to the law of contracts, and that, when applied, such principles may impel a different conclusion than that which would be announced were the general rule above stated applied without consideration of the reasons upon which it rests.

Thus in this case the application was, by express provision of the certificate, made a part thereof and a copy of the same with the name of Della Summers therein designated as beneficiary was on the certificate. Thus the application arose to a greater dignity than would be accorded to a mere offer. Instead of being rejected in part, it was, according to the certificate, accepted in toto without change. If the certificate, itself, specifically designated another named beneficiary, it might well be argued (perhaps successfully) that such designation should prevail over the designation in the application even where the applica-

tion is a part of the certificate, but such is not the situation here presented. There is no designated beneficiary in the certificate proper as distinguished from that portion thereof constituting the application. The conflict arises from the previously quoted portion of the certificate appearing therein in fine print under "privileges and conditions." It would apparently preclude, if literally accepted, any beneficiary other than the legal representatives of the registered holder of the certificate from receiving the sum due from the company in the event of death. The provision thus interpreted is inconsistent with any designated, specific beneficiary, and would in all cases where one other than the legal representative is named render the nomination nugatory. We think this effect must be eliminated upon consideration of the rules relating to the interpretation of contracts.

Section 9475, O. S. 1931, 15 O. S. A. 167, provides:

"Where a contract is partly written and partly printed, or where part of it is written or printed under the special directions of the parties, and with a special view to their intention, and the remainder is copied from a form originally prepared without special reference to the particular parties and particular contract in question the written parts control those which are copied from a form. And if the two are absolutely repugnant, the latter must be so far disregarded."

As applied to this case, the name of the beneficiary, Della Summers, designated in the application, which constituted a part of the contract, was written or printed under the special direction of the parties and with a special view to their intention. The conflicting provisions are from a form originally prepared without reference to the parties or the particular contract in question. Thus the former must control. In so holding the trial court was correct.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and CORN, JJ., concur.