On July 18th, 1938, complainant issued a policy of insurance on the life of Charles A. Gleim, the decedent. No beneficiary was named therein. It contained a provision known as "Facility of Payment" clause, which reads as follows:
"Except as payment of death benefits shall be made to a Beneficiary designated by proper endorsement hereon, the Company may make any payment or allow any benefit provided in this policy to any of the Insured's relatives by blood or connections by marriage or any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense for the maintenance, medical attention or burial of the insured."
The insured died on April 12th, 1941. Claims for the proceeds due under the policy were made by the defendant Stella F. Gleim, as administratrix of the decedent's estate, and by the defendant Laura G. Bannon. The administratrix is the widow of the decedent; Laura G. Bannon is his sister.
Laura testified that she caused the policy to be issued on her brother's life and paid the premiums due thereon. She said that she paid also the decedent's funeral expenses. On May 21st, 1941, she applied to the surrogate of Hudson County for letters of administration upon the decedent's estate. Her verified application recites "that the said intestate was possessed of goods, chattels, rights and credits to the value of $246," (Exhibit D-3); that sum is the amount due under the policy. Her application for letters was opposed by the defendant claimant, Stella F. Gleim. Stella was appointed administratrix of the estate; and as the estate's representative, she demanded the proceeds of the policy from the complainant. It denied her demand. She then instituted an action against the complainant in the Second District Court of Jersey City. The complainant thereupon filed a bill of interpleader in this court, and its right to do so was affirmed by decree filed in November, 1941. *Page 217 
Laura's claim here is based upon an oral assignment of the policy to her by the decedent. That allegation viewed in the light of her application for letters of administration aforesaid indicates the weakness of her position. Her application for administration implied that title to the fund vested in the estate. She is now estopped from asserting otherwise. New JerseySuburban Water Co. v. Harrison, 122 N.J. Law 189; 3 Atl. Rep.
2d 623. Laura stands committed to the representations made in her application for the letters of administration. The circumstances in the instant case do not justify the repudiation of a sworn statement. Prudential Insurance Company of America
v. Godfrey, 75 N.J. Eq. 484; 72 Atl. Rep. 456; affirmed in77 N.J. Eq. 267; 76 Atl. Rep. 1067; Calloway v. Miles,30 Fed. Rep. 2d 14. However, it may be added the story of the alleged oral assignment was far from convincing.
Complainant under its "Facility of Payment" clause in the policy of insurance had the privilege of paying the face value of the policy to the claimant Laura G. Bannon. It did not exercise its privilege but chose to interplead; the Court of Chancery is liberal in the allowance of interpleader. The Trust Company ofNew Jersey v. Biddle, 112 N.J. Eq. 347; 164 Atl. Rep. 583.
The Court of Errors and Appeals in Allen v. Allen, 88 N.J. Eq. 575; 103 Atl. Rep. 169, construed the provisions of the "Facility of Payment" clause and concluded that under the circumstances appearing therein the personal representative of the decedent was entitled to the moneys due under the policy; that the said clause is to facilitate payment by the insurer, to speedily discharge itself from the obligation imposed by the terms of the policy. On the principles involved in the instant case these citations have a bearing: Caveny v. Healey,94 N.J. Law 28; 109 Atl. Rep. 204; Prudential Insurance Company ofAmerica v. Godfrey, supra; Prudential Insurance Co. v. Mantz,128 N.J. Eq. 480; 17 Atl. Rep. 2d 279.
The claimant administratrix is entitled to the proceeds of the policy less the amount of premiums paid by the claimant, Laura G. Bannon. I shall advise an order to this effect. *Page 218