THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, respóndent,

*v.*

JAMES GODFREY, administrator, et al., appellant.

[Submitted March 22d, 1910.  Decided June 20th, 1910.]

On appeal of the defendant Mary Orr from a decree of the court of chancery advised by Vice-Chancellor Walker, whose opinion is reported in *75 N. J. Eq. (5 Buch.) 484.*

*Mr. William B. Knight* and *Messrs. French & Richards,* for the appellant.

*Mr. James Guest, Mr. Edward D. Duffield* and *Mr. G. Dore Cogswell,* for the respondent.

PER CURIAM.

The complainant company having in its hands a fund due upon a policy of insurance issued by it, and which each of the defendants claimed, filed a bill against them praying that they be required to interplead. To this bill the defendant Orr filed an answer denying the right of the complainant to a decree of interpleader. The defendant Godfrey, as administrator, filed an answer which did not challenge the right of the complainant to a decree; and a cross-bill in which he asserted that he, and not the defendant Orr, was entitled to the fund. Mrs. Orr

answered the cross-bill denying the right of Godfrey, as administrator, to the fund, and asserting that it belonged to her. At the hearing before the vice-chancellor, the complainant put in its proofs in support of its right to a decree requiring the defendants to interplead, and Mrs. Orr proved the facts upon which she based her denial of the complainant's right to such a decree. At this stage of the case, it was suggested by counsel for Mrs. Orr that the vice-chancellor should first determine the question whether the complainant was entitled to a decree, before requiring the defendants to submit proofs in support of their respective claims to the fund. The vice-chancellor acquiesced in the propriety of the suggestion, and announced that he would reserve his decision on the question of the complainant's right to a decree of interpleader until a later date; and that if he should come to the conclusion that such a decree should go, he would then set a day for hearing the witnesses of the defendants upon the question of which one of them was entitled to the fund. The learned vice-chancellor, on the proofs submitted, concluded that the complainant was entitled to the relief sought by its bill, and then, without hearing further proofs (probably because he considered that the proofs already in were conclusive of the question), decided that Godfrey, as administrator, and not Mrs. Orr, was entitled to the fund. From the decree based upon these conclusions Mrs. Orr appeals. In her petition of appeal, she sets up as grounds of reversal that the vice-chancellor, on the proofs submitted, should have adjudged that Godfrey, as administrator, had no claim upon the fund; that the fund belonged to her, and that her right to it had been recognized by the complainant; that the complainant was not entitled to a decree of interpleader; and that the fund should have been directed to be paid to her, and the complainant's bill dismissed.

The grounds for reversal set out in the petition of appeal seem to us to be without merit. We concur in the conclusions expressed by the learned vice-chancellor in his opinion filed in the court below, that, upon the proofs before him, the complainant was entitled to a decree, and that the right to the fund was in Godfrey, as administrator, and for the reasons expressed in the opinion.

The contention of counsel for the appellant made at the argument before us, that the action of the court below in deciding the issue between the defendants without affording the appellant an opportunity to submit further proofs in support of her claim was without legal justification, and requires a reversal of the decree upon that issue, is not raised by the petition on appeal, and, consequently, is not before us for consideration.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—14.

*For reversal*—None.