## Williard v. Prudential Insurance Co. of America, Appellant.

*Insurance—Life insurance—Beneficiaries—Option as to whom payment may be made—Absence of insured—Presumption of death —Raising administration.*

1. Where a life insurance policy provides for payment to the executors or administrators of the insured, unless the company exercise an option given to it to pay to any blood relative or to such person as shall appear to it to be equitably entitled, the company not having exercised the option, a brother of the insured cannot bring a suit in his own individual right on the policy. O'Hara v. Ins. Co., 73 Pa. Superior Ct. 434, and Thomas v. Ins. Co., 148 Pa. 594, distinguished.

2. Where the insured had not been heard of for seven years, the brother cannot allege as a ground for his suit that there could be no real recovery otherwise, because of the expenses attendant upon raising an administration.

Argued January 17, 1923. Appeal, No. 105, Jan. T., 1923, by defendant, from judgment of Superior Court, Oct. T., 1921, No. 166, affirming judgment of Municipal Court, Phila. Co., Dec. T., 1920, No. 626, for plaintiff in case tried by the court without a jury, in suit of Joseph Williard v. Prudential Insurance Company of America. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from Superior Court. See 78 Pa. Superior Ct. 329.

The opinion of the Supreme Court states the facts.

Judgment affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Frederick J. Shoyer,* for appellant.—The "facility of payment" clause is one under which the company may, but is not obliged to, make payment to any one of the

class of persons named: Brennan v. Ins. Co., 170 Pa. 488; Althouse v. Roth, 35 Pa. Superior Ct. 400; McNally v. Ins. Co., 16 Pa. Superior Ct. 111.

*Bernard J. O'Connell*, for appellee.—The, right to prove the death in a common-law suit on a policy of insurance is not only sustained in the case of O'Hara v. Metropolitan Life Ins. Co., 73 Pa. Superior Ct. 434, but also by this court in the case of Groner v. Maccabees, 265 Pa. 129.

OPINION BY MR. JUSTICE SCHAFFER, February 12, 1923:

Defendant issued its policy of life insurance to Edward J. Williard. The instrument provided that the company would pay the amount of the policy "unto the executors or administrators of the insured, unless settlement shall be made as provided in article II under the head of 'Provisions' below, immediately upon receipt of due proof of the death of the insured during the continuance of this policy."

Under the head "Provisions," article II is as follows: "Facility of Payment. The company may make any payment provided for in this policy to any relative, by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Suit was brought by plaintiff, a brother of the insured, in his individual right, to recover the amount of the policy. In the statement of claim plaintiff alleged he

had received information that the insured had been drowned, that he had been unheard of for more than seven years and pleaded the presumption of death arising therefrom. It was also averred that during this absence plaintiff had paid the premiums on the policy. Claimant bases his right to recover on the "Facility of Payment" clause of the policy, above quoted, providing that the company may pay to any relative by blood. He was awarded judgment in the Municipal Court of Philadelphia and its finding in his favor was affirmed by the Superior Court, from which we have this appeal.

The "Facility of Payment" clause gives the company the option to make payment to any relative by blood; just how this could give the plaintiff a right of action, it is a little difficult to understand, as the policy in suit, which is the contract between the company and the insured, provides that the money due on it shall be paid to his executors or administrators. To sanction a recovery by plaintiff would in effect be to make a new contract between the parties; under the provisions of the policy, his right of action cannot be sustained.

There is no merit in plaintiff's contention that there can be no real recovery on the policy, because of the expense attendant upon raising an administrator, under the law as it now exists, where there is a presumption of death. An argument on this ground to the legislature to change the law so that such proceedings would be less expensive might make a strong appeal to the lawmakers, but it should not to the courts, whose function is to declare the meaning and effect of written contracts according to their terms. Proceeding to a judicial determination of the provisions of the policy before us, we are compelled to hold, as it provides, that unless the insurance company shall exercise its option to pay under the "Facility of Payment" clause, we cannot permit a recovery by any person other than the executor or administrator of the insured, for thus the contract is written.

The case is readily distinguishable from O'Hara v. Metropolitan Life Ins. Co., 73 Pa. Superior Ct. 434; there the policy did not provide, as does the one we are considering, that it was payable to the executors or administrators of the insured. In Thomas v. Prudential Ins. Co., 148 Pa. 594, we sustained the right of the company to pay to a person other than an administrator, and denied recovery by the latter under a clause in the policy closely similar to the "Facility of Payment" clause above quoted, holding that as "It was provided, by the contract between the company and the insured, that the former may pay the sum of money insured by the policy to any relative by blood, or connection by marriage, of the insured, or to any other person appearing to said company equitably entitled to the same, by reason of having incurred expense, in any way, on behalf of the insured, for his or her burial, or for any other purpose," it was for the company to judge who was the person equitably entitled to the money, that this discretion was vested in it by the terms of the contract, and that having paid, such payment in accordance with the provisions of the policy was a complete defense to the administrator's suit. Here, there has been no election and the policy contains no provision authorizing plaintiff under this condition of affairs to recover. The Superior Court and the municipal court erred in permitting judgment to go in favor of plaintiff.

The judgment is reversed and is here entered for defendant.