In the Matter of the Estate of WILLIAM H. HOWLEY, Deceased.

Surrogate's Court, Westchester County, October 18, 1928.

*William F. Lally*, for the petitioner.

*John J. Finn*, for the respondent.

*Frederick C. Tanner*, for John Hancock Mutual Life Insurance Company.

SLATER, S. This is a discovery proceeding with regard to an industrial insurance policy in the John Hancock Mutual Life Insurance Company upon the life of the decedent.

The cases submitted holding that a discovery proceeding cannot be used as a collection agency, are not in point. A debtor and creditor relationship does not exist. The court has jurisdiction over the subject-matter, and the right to discover whether the insurance company has funds belonging to the estate, and to compel payment to the representative of the estate. (*Matter of Peno*, 128 Misc. 718; *Matter of Akin*, 129 id. 840; *Matter of Johnson*, 124 id. 498, 503; *Matter of Booth*, 215 App. Div. 516.)

The insurance policy is industrial in form upon the life of the decedent, payable to Maria Howley, the mother. Maria Howley predeceased the decedent. The policy contains the statement that change of beneficiary must be made upon the company's prescribed form and to take effect only when indorsed upon the policy. No change of beneficiary was made after the death of the mother, and, consequently, it is subject to the " facility of payment clause " which the policy contains, leaving it to the company " to make payment to the executor, or administrator of said insured, or to any relative by blood, or connection by marriage, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for burial, or for any other purpose."

The administratrix of the decedent claims the money and the decedent's sister who has paid premiums to the extent of some eighty dollars, claims the money. The insurance company, instead of taking the position of leaving it to the court to determine, takes the very peculiar attitude of appearing and seeking to have the proceedings dismissed. Such procedure only leads to litigation and expense, and without result.

What is the legal effect of the " facility of payment clause " in the instant case? Is it something that the insurance company may comply with, but cannot be compelled to do?

The insurance company has failed, or refused to exercise the right with regard to the payment of the fund. Consequently, the fund is left in a position so that the administratrix of the insured is entitled to it. (*Wokal* v. *Belsky*, 53 App. Div. 167; *Matter of Degenhardt*, 123 Misc. 762; *Nolan* v. *Prudential Insurance Co.*, 139 App. Div. 166; *White* v. *Kolec*, 202 id. 825; *Tarasowski* v. *Prudential Ins. Co.*, 113 Misc. 248.)

Submit decree directing the insurance company to make payment of the amount due upon the policy to the administratrix.