## FRENCH v. LANHAM.
### No. 5284.

Court of Appeals of District of Columbia.
Argued Jan. 8, 1932.
Decided Feb. 29, 1932.

Edward C. Kriz and Raymond B. Dickey, both of Washington, D. C., for plaintiff in error.

Paul B. Cromelin, Bolitha J. Laws, Julian T. Cromelin, and Lowry N. Coe, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Martha Jane French died in the District of Columbia on the 29th day of April, 1928, leaving a last will and testament in which plaintiff in error, a brother, was named as executor and residuary legatee. At the time of her death there were in force six policies of insurance on her life; three of these policies were payable to her estate and are not here involved.

The other three policies, aggregating $355.04, were payable to defendant in error, a sister of the insured. Upon the execution of a release and receipt signed by both the plaintiff in error and the beneficiary named in these policies, the company paid to plaintiff in error the amount due under them. Thereafter, defendant in error, as beneficiary, brought suit and recovered judgment in the municipal court against the plaintiff in error in the amount of these policies.

Under the so-called *facility of payment clause* of these policies, the company reserved the option of paying the amount due "to either the beneficiary named below or to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial."

It is contended that payment was made to plaintiff in error under this clause and that such payment vests him with absolute ownership of the amount paid.

By the great weight of authority, it has been held that the sole purpose of this facility of payment clause is for the convenience of the insurer. Blanchett v. Willis, 161 S. C. 83, 159 S. E. 469, 75 A. L. R. 1428; Metropolitan Life Ins. Co. v. Schaffer, 50 N. J. Law, 72, 11 A. 154. It is "an appointment both by the assured and the beneficiary of persons any of whom are authorized to receive payment of the sum agreed to be paid. * * * The clause was for the convenience of the company to enable it to make prompt payment, with the certainty that the validity of the payment could not be thereafter questioned." Caveny v. Healey, 94 N. J. Law, 28, 109 A. 204, affirmed 95 N. J. Law, 245, 111 A. 925.

The rule is equally well established that such payment to one appointed to receive it does not change the beneficial interest in the fund. To rule that payment to one appointed to receive it changes the beneficial interest in the fund from the beneficiary to the appointee would put it in the power of the debtor, the insurance company, by its mere act to determine who should be beneficially entitled thereto, and would be inconsistent with the manifest intent to make the contract enforceable against the company.

In Allen v. Allen, 88 N. J. Eq. 575, 577, 103 A. 169, 170, the court, after noting that under the terms of a policy the insurer prom-

ised to pay the beneficiary named therein a stated amount, said: "The fact that to this promise is superadded a provision which is intended to enable the insurer for its own convenience to facilitate payment, so as to speedily discharge itself from its obligation on the policy and incidentally enable it to provide speedy aid to the family of the insured, presumably in a period of distress, does not lessen the legal liability of the recipient of the fund, as constructive trustee for the legal beneficiary under the plain terms of the policy."

In Ogletree v. Hutchinson, 126 Ga. 454, 55 S. E. 179, it was ruled that a stipulation in a policy of life insurance that payment of the amount of the policy to any relative of the insured belonging to a designated class will discharge the company is valid, but that such a stipulation does not have the effect of making the person actually receiving the money thereunder the beneficiary of the policy. It is merely an appointment, by the parties to the contract, of a person who may receive the amount due under the policy for the benefit of the person ultimately entitled thereto.

In Metropolitan Life Ins. Co. v. Hightower, 211 Ky. 36, 276 S. W. 1063. 1064, 44 A. L. R. 1158, the court said: "The cases also hold (and which is in accord with fundamental legal principles) that none of the members of the class of persons to whom optional payments may be made under the facility of payment clause could themselves sue for and recover the proceeds of the policies, since there was no *obligation* on the part of the insurance company to pay either of them. In other words, that the clause created no debt in their favor, but only made them the agent or trustee for the beneficiary to whom under certain named conditions the insurer might make payment as such agent or trustee, and obtain a discharge of all obligations under the policy."

In Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, 59 N. E. 439, 86 Am. St. Rep. 463, it was ruled that the facility of payment clause "does not entitle one to whom such a payment might have been made, but who is not named as the beneficiary of the policy, or otherwise designated as the person who is to receive the sum to be paid, to enforce payment of the sum due under it."

In Smith v. Metropolitan Life Ins. Co., 222 Pa. 226, 231, 71 A. 11, 13, 20 L. R. A. (N. S.) 928, 128 Am. St. Rep. 799, the court said that facility of payment clauses "are not uncommon in the class known as 'industrial insurance,' where the amounts and estates are small and the purpose is to avoid the necessity of the expense of formal administration by law. But they are not intended, and could not be allowed, to override rights fixed by the policies."

In Wokal v. Belsky, 53 App. Div. 167, 65 N. Y. S. 815, 817, it was ruled that a facility of payment clause "neither gives nor takes away a cause of action from any person."

See, also, In re Reilly's Estate, 111 Misc. Rep. 66, 182 N. Y. S. 221; Williard v. Prudential Ins. Co. of America, 276 Pa. 427, 120 A. 461, 28 A. L. R. 1348; Sulz v. M. R. F. L. Association, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; Prudential Insurance Co. of America v. Godfrey, 75 N. J. Eq. 484, 72 A. 456, affirmed 77 N. J. Eq. 267, 76 A. 1067; 28 A. L. R. 1350, note; 49 A. L. R. 939, note.

Counsel for plaintiff in error cite American Security & Trust Co. v. Prudential Insurance Co., 16 App. D. C. 322, and Prudential Insurance Co. v. Brock, 48 App. D. C. 4. These cases are not in point. The court merely decided in those cases that where an insurance company in good faith makes payment to a member of one of the classes specifically mentioned in the facility of payment clause of the policy, the company is discharged from further obligation under the policy.

In the present case the insured made three policies payable to her estate and three to defendant in error, and yet, according to the contention of the plaintiff in error, the mere fact that payment was made to him authorized him to withhold from the rightful beneficiary the amounts received under the three policies payable to her. Such a result, in our view, would be as unjust as illogical. If plaintiff in error's contention were correct, the insurance company, by selecting defendant in error as the payee (as it might have done) under the three policies payable to the insured's estate, would have vested her with the beneficial interest in the policies to the exclusion of the estate.

The judgment is affirmed, with costs.

Affirmed.