No. 30,435.

Mary Bojczuk and Anna Mehring, *Appellees*, v. (The Prudential Life Insurance Company of America et al., *Appellees*) John Skradski, *Appellant*.

(19 P. 2d 468.)

Opinion filed March 11, 1933.

*Roy R. Hubbard,* of Kansas City, for the appellant.

*C. M. Gorrill,* of Kansas City, for appellee Mary Bojczuk; *Fred Robertson, Edward M. Boddington* and *J. O. Emerson,* all of Kansas City, for appellee John Stine.

The opinion of the court was delivered by

Johnston, C. J.: The controversy involved in this proceeding is the proper distribution of the proceeds of two industrial insurance

policies among several claimants. The policies were taken out on the life of Rose Soptich in the Prudential Insurance Company. After her death Mary Bojczuk and Anna Mehring, both sisters of the insured, claimed an interest in the insurance. They brought this action, claiming the insurance because of their relationship to the insured and also because of the care they had given her in her last illness. John Skradski, who was named as a defendant, also claimed an interest in the insurance because of the payment of the premiums on the policies. The plaintiffs and Skradski had arranged with John Stine, an undertaker, to furnish what was necessary for the funeral and burial of Rose Soptich, which was provided by him at a cost of $501. Of this expense the sum of $151 had been paid by Skradski, leaving $350 still due to Stine. The Prudential Insurance Company intervened in the case, admitting the existence of the policies and the death of the insured, and offered to pay the amount due on the policies into court, which was done, and asking the court to direct a proper distribution of the proceeds of the policies after all claimants had been brought into court and their claims determined.

Skradski demurred to plaintiff's petition upon the ground that plaintiffs did not allege a right of recovery in plaintiffs, and this demurrer was sustained; but it appears that he did not procure an entry of the order, but submitted the cause on an answer he subsequently filed. After this demurrer had been sustained the plaintiffs went out of the case and did not appear to present any claims at the trial. Skradski did challenge the jurisdiction of the court to determine the questions involved, but this challenge was overruled, whereupon he filed the answer mentioned, upon which the case was tried. An order of distribution was made from which Skradski appeals.

The policies contained what is known as a "facility of payment clause." No beneficiary was designated in the policies, and it was stipulated that the insurance company could exercise an option to pay the policy to anyone appearing to be entitled to the same. This class of insurance has for its principal object providing a fund with which the insured might procure in his last sickness needed aid by way of medical attention and nursing, and secure for him a decent burial. Skradski was only a remote cousin of the insured and was not shown to have any special claim beyond that of the payment of premiums and the payment he made to the undertaker. It is con-

tended that he had no claim on the fund by reason of the voluntary payment of premiums and burial expenses. The order of the court was that $1,052, which had been deposited with the clerk by the insurance company, should be distributed by paying Skradski the amount expended by him for the premiums he had paid and the funeral expenses which he had paid to John Stine; that Stine be paid out of the fund the $350 yet due him for funeral and burial expenses; that the balance, $437.64, should be paid to Mary Bojczuk, who had later been appointed administratrix of the estate of the insured; that the Prudential Insurance Company should be discharged from any liability for claims under the policies; and that the administratrix should pay the costs of the action out of the fund adjudged to her.

No inequity is apparent in the distribution made by the court. In his appeal Skradski contends that it was exclusively a case for the probate court; but there were equitable considerations involved in the controversy which required the aid of equity. In *Hartwig v. Flynn*, 79 Kan. 595, 100 Pac. 642, it was said:

"The probate court has no jurisdiction to try the title and finally determine the ownership of such securities so claimed by the executor himself and by another person not a party to the proceeding. Such adverse claims can only de determined in a court of competent jurisdiction." (Syl. ¶ 2.)

He further contends that the evidence did not warrant the findings and judgment, and that there was error in denying his motion for a new trial. The industrial policies, as we have seen, contain the "facility of payment" clause, and the insurance company had the right to pay the insurance to anyone appearing to be entitled to it. In *Wilson v. Insurance Co.*, 110 Kan. 232, 203 Pac. 916, it was said of a similar policy:

"All the company contracted to do in case of the insured's death was to pay the amount to the beneficiary named or to the executor or administrator or to any person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his burial. It was also a very plain part of the contract that the production of a receipt signed by any one of such named persons should be conclusive evidence that all claims under the policy had been satisfied. It was not a contract to pay to the person who had provided for medical and funeral expenses. It was not even one to pay to the person actually entitled to it, but simply an agreement to pay to anyone appearing to the company to be equitably entitled by reason of having incurred expenses on behalf of the insured or for his burial." (p. 235.)

See, also, *Lewis v. Metropolitan Life Ins. Co.*, 178 Mass. 52; *Pettit v. Prudential Ins. Co. of America*, 231 Mass. 394; *Prudential Insurance Co. of America v. Godfrey*, 75 N. J. Eq., 484; *Metropolitan Life Ins. Co. v. Chappell*, 151 Tenn. 299.

The insurance company did not elect to pay the insurance to Skradski. Perhaps it might have done so because of his payments of premiums and part of the burial expenses, but it did not, nor did it waive its right to exercise the right given in the policy. Skradski was not named as a beneficiary and had no insurable interest in the life of Rose Soptich and no contract relation with her or the insurance company. The court, we think, dealt justly and liberally with him when it allowed him the amount he had paid towards the premiums and also what he had contributed to the funeral and burial expenses incurred.

Other objections of a procedural nature have been advanced by appellant, but we discover nothing of merit in them.

The judgment is affirmed.