THE PRUDENTIAL INSURANCE COMPANY OF AMERICA *vs.* FILOMENA ROBERTO, Admx. *et al.*

JUNE 27, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J.   This bill of interpleader was brought for the purpose of having the court determine who is entitled to receive the amount due on an industrial policy of insurance issued upon the life of Francesco Roberto, deceased.

The policy was issued December 12, 1927.   July 9, 1932, the insured died.   September 2, 1932, Filomena J. Roberto, the widow of the deceased, qualified as administratrix upon

his estate. Thereafter she and Concetta Abate each brought an action at law against the complainant to recover the amount due on the policy. The complainant then filed this bill of interpleader and paid into the registry of the court $462.84, which was the amount due on the policy less legal expenses and costs.

Both respondents filed answers and each claimed the fund. After hearing the witnesses, the trial justice rendered decision that $327 of the fund should be paid to the administratrix for the purpose of paying the balance due on the funeral expenses of the insured and the balance of $135.84, less costs, be paid to respondent Abate. Final decree was entered in accordance with this decision. Respondent Abate appealed from this decree on the ground that it was against the law and the evidence. She claims that she is entitled to the entire fund.

The policy did not designate a beneficiary. It contained a facility of payment clause. This clause provides that the insurance company may make any payment provided for in the policy to any relative by blood or connection by marriage of the insured or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expenses in behalf of the insured or for his burial or any other purpose. Under this clause the insurance company could have paid the money to the person it deemed equitably entitled to it. 31 C. J. 972. No one of the persons designated in the policy had an exclusive right to receive the proceeds of it. *Providence Savings Bank* v. *Vadnais*, 26 R. I. 122.

When a person takes out a policy of industrial insurance and is told by the agent soliciting the policy that the money due on the policy will be paid to the person who pays the premiums and holds the policy, the company is bound by the acts of its agent. *Wallace* v. *Prudential Ins. Co.*, 174 Mo. App. 110; *Shea* v. *U. S. Ind. Ins. Co.*, 23 N. Y. App. Div. 53; *LaRaw* v. *Prudential Ins. Co.*, 12 Fed. (2d) 140; 49 A. L. R. 935. In *John Hancock Mut. Life Ins.*

*Co.* v. *Lawder*, 22 R. I. 416, it was held that the executor of the woman who had contracted for insurance on the life of her stepdaughter, and who had paid all the premiums and kept the receipt book, was entitled to the insurance rather than the husband who was the administrator on the estate of the stepdaughter.

Respondent Abate was an aunt of the insured. She claims the insurance because she procured it at his request, paid all the premiums during his life and held the policy at the time of his death. These facts were established by uncontroverted evidence. The insurance agent testified he was sent by Mr. Roberto to his aunt to see if she would insure him; that she did so and was told that if anything happened to him, she would get the insurance.

The insured was a veteran of the World War and at least three other policies were issued upon his life. His wife testified that she received the proceeds of one policy, $273; that her brother-in-law, an undertaker, received the proceeds of another policy, $500, and that still another policy was cancelled. She did not know that her husband had been insured by his aunt, Mrs. Abate, until after his death, nor was she aware of the understanding between the deceased and his aunt that she was to be the beneficiary of the policy which she held.

Under the law and the evidence it clearly appears that the respondent Abate is equitably entitled to the fund paid into the registry of the court by complainant.

The appeal is sustained. The decree appealed from is reversed.

On July 3, 1933, the parties may present a form of decree in accordance with this opinion to be entered in the Superior Court.

*McGovern & Slattery,* for complainant.

*Luigi De Pasquale, Frank W. Golemba,* for respondent Roberto.

*John Di Libero,* for respondent Abate.