Irene Novotny v. Acacia Mutual Life Insurance Company v. Irene Novotny et al.
Appeal of Frank Novotny, Jr., and Frank E. Brence, Administrator of the Estate of Gladys Novotny Brence, Deceased, Appellants. Irene Novotny, as Administratrix of the Estate of Frank Novotny, Deceased, Appellee.

Gen. No. 39,039.

362

Opinion filed November 30, 1936.

LEVY & SCHMETTERER, of Chicago, for appellant Frank Novotny, Jr.

JOHN O. HRUBY and MEYER SHAPIRO, both of Chicago, for appellant Frank E. Brence.

ALFRED ROY HULBERT and CLARENCE W. SHAVER, both of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Irene Novotny, plaintiff, brought suit seeking to collect the proceeds of a life insurance policy issued by the Acacia Mutual Life Insurance Company upon the life of her husband, Frank Novotny, deceased.

The insurance company filed a counter-complaint in the nature of an interpleader, admitting the policy, alleging that there were rival claimants and that the company is ready to pay the amount due to such persons as the court may order.

Frank Novotny, Jr., and Gladys N. Brence, children of Frank Novotny, the insured, by prior marriage, filed answers claiming the fund; pending the litigation Gladys Brence died and Frank E. Brence was appointed administrator of her estate and he was substituted as a defendant. By order of court the insur-

ance company deposited the fund in controversy with the clerk of the superior court. Upon hearing the court held that plaintiff, as administratrix, was entitled to collect $3,550.56, and that Frank Novotny, Jr., should be paid $330 out of the fund deposited with the clerk. Defendants appeal from this order.

The theory of the plaintiff is that when Frank Novotny, the insured, died, there was no beneficiary stated in the policy, and therefore under the law the administratrix is the only one entitled to collect. Defendants say that where there is no proper designation of beneficiary the proceeds of the policy vest in the family of the insured, free from administration.

When the policy was issued Frank Novotny designated his first wife, Anna M. Novotny, as beneficiary; she died leaving two children, the defendants here; under the provisions of the policy for a change of beneficiary the insured then designated as beneficiary the American State Bank, Berwyn, Illinois, as trustee; subsequently he married the present plaintiff, Irene Novotny; the insured then made a second change of beneficiary, designating as beneficiary the First American National Bank and Trust Company of Berwyn as trustee under trust No. 208; these changes of beneficiary were indorsed on the policy by the company; subsequently the last named beneficiary went into the hands of a receiver and ceased doing business; thereupon, in March, 1933, the insured, acting under the power reserved by him in Trust Agreement 208, in writing released the trustee from all obligations under the trust agreement and canceled it; he failed to designate a successor-beneficiary and died intestate.

Defendants argue that the cancellation of Trust Agreement No. 208 did not effect a change of beneficiary. It is obvious that when the trustee-beneficiary ceased doing business and the trust agreement was canceled by the insured, the designation of this trustee

as beneficiary was automatically canceled. The argument seems to be that it still remained the beneficiary because no change was indorsed on the policy. In *Sun Life Assur. Co. v. Williams,* 284 Ill. App. 222, leave to appeal denied by the Supreme Court, we held that the provision for an indorsement of change of beneficiary on a policy was for the protection of the insurance company, which may be waived by it, and that bringing the fund into court by interpleader waives the necessity of such indorsement.

We find no cases in this State presenting the question as to who shall collect where no beneficiary is designated and the policy does not cover such a contingency. In *Clarke v. Schwarzenberg,* 162 Mass. 98, where the designation of the beneficiary was held invalid, it was held that the executrix was entitled to collect the insurance money. This was followed in the subsequent case of *Boyden v. Massachusetts Masonic Life Ass'n,* 167 Mass. 242, where it was again held that where no beneficiary is effectively designated the administrator of the estate is entitled to collect the insurance money. Other cases to the same effect are noted in 37 C. J. 569, sec. 331. Where no beneficiary is named in the policy the fund belongs to the insured's estate and the executor or administrator can collect. No other view is reasonably possible.

Defendants assert in this court that this policy was issued by a fraternal organization and that under the statute and decisions the payment of death benefits shall be paid only to the heirs or blood relations of the insured, (ch. 73, ¶ 488, Ill. State Bar Stats. 1935) to which plaintiff replies that this point is made in this court for the first time; that there was no evidence heard upon the trial as to the character of the insurance company and that the only thing before this court to guide it in determining whether the insurance company was a fraternal beneficiary society or a regular

mutual life insurance company is the policy itself, which was attached as an exhibit to the interpleader of the insurance company.

It is a well established rule that points not made upon the trial cannot be made for the first time in the court of review. *Chicago, I. & L. Ry. Co. v. Monarch Lumber Co.,* 202 Ill. App. 20; *Erickson v. Gregory,* 275 Ill. App. 286. This rule is especially applicable to the instant case, which would seem to require evidence to establish the character of the insurance company. There were no allegations or proofs that the policy is a fraternal benefit certificate.

The policy itself states on its face that it is a "special whole life participating policy," with provision for medical examination, cash loans, extended insurance, instalment options and other like provisions which, it is asserted by plaintiff, are not found in fraternal benefit certificates but are universally found in old line and mutual life insurance policies. Both counsel seek to supply in their briefs evidence which should have been presented to the trial court on this question.

Ch. 73, par. 488, Illinois State Bar Stats. 1935, defines a fraternal beneficiary society as one carried on for the sole benefit of its members and their beneficiaries and not for profit; that it shall have a lodge system, with a ritual and other like provisions. We find nothing in the present policy relating to such requirements.

The statute further provides that death benefits shall be paid only to relations, and yet the form attached to the policy for a change of beneficiary provides that "If beneficiary is not related give present address or other identification. If a business concern give full corporate name." This is not consistent with the statutory requirement that the beneficiaries of a fraternal certificate shall be "blood relations." We

are of the opinion that the court properly found that the administratrix was entitled to collect the fund.

The trial court allowed Frank Novotny, Jr., $330 out of the insurance money deposited with the clerk of the court. The defendants appeal from the entire order. Plaintiff, appellee here, confesses error in this respect and asks that this portion of the decree be vacated.

Frank Novotny, Jr., claimed that he had advanced $330 for payment of premiums or interest on loans made on his father's insurance policy. Without passing upon the credibility of his testimony, we are of the opinion that his claim in this respect was not properly before the trial court for adjudication. The question before the trial court was whether the administratrix should collect the insurance money. The court properly held that she should do this and should have held she was entitled to collect all of it. Frank Novotny, Jr., should present his claim in the probate court, to be acted upon as that court may decide.

That part of the decree holding that the administratrix is entitled to collect the insurance fund is affirmed, and that part of the decree awarding $330 to Frank Novotny, Jr., is reversed and the cause remanded to the superior court with directions to enter an order that the administratrix of the estate of Frank Novotny is entitled to collect all of the insurance fund now on deposit with the clerk of the superior court, costs of this appeal to be taxed against the appellants.

*Affirmed in part, reversed in part and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.