This is an interpleader suit brought by an insurance company to determine the right to the proceeds of life insurance policies on the life of Maria Patti. The defendant Mangravite is the nephew of the insured. In 1930 he took out the first policy in question, and two years later the second policy, and paid all the premiums thereon until the death of his aunt, and ever since the issuance of the policies he has been in possession thereof. Upon her death, the proceeds of the policies were claimed by both the executor of her estate and by Mangravite. The policies were payable to the executor or administrator of the insured with, however, the usual facility *Page 575 
of payment clause. It is contended on behalf of Mangravite that he is entitled to the proceeds because he took out and retained the policies, paid the premiums thereon and considered that he was to receive the proceeds.
It seems to be the well settled law that no one except the beneficiary named in the policy, in this case the executor or administrator of the insured, has the right to collect the proceeds. The facility of payment clause is for the benefit of the insurance company, which, in the case of small industrial policies such as those here, is permitted to pay the face of the policy to other than the named beneficiary, usually to meet the immediate needs for funds for funeral expenses. In the instant case there was no necessity for this since the decedent had an ample estate outside of the policies and her funeral expenses were not therefrom. Marzulli v. Metropolitan Life InsuranceCo., 79 N.J. Law 271; Caveny v. Healey, 94 N.J. Law 28; Romano
v. Metropolitan Life Insurance Co., 9 N.J. Mis. R. 458.
While, therefore, Mangravite is not entitled to the proceeds of the policies as such yet the fact that he took out the policies and paid all the premiums over a course of years, gives rise to an equity in his behalf to the extent of these premiums. Tepper
v. Royal Arcanum, 59 N.J. Eq. 321; Metropolitan Life InsuranceCo. v. Tesauro, 94 N.J. Eq. 637; Gifford v. Gifford, 93 N.J. Eq. 299.
A decree will be advised accordingly, directing that there be paid to defendant Mangravite the amount of premium payments made by him, and that there be paid to the executor the balance of the funds now in court. If the parties cannot agree as to the amount of the premium payments by Mangravite, a reference will be ordered to determine this sum. *Page 576