Catherine Voris, Appellee, v. Robert Rutledge, Administrator of Estate of Virgil Voris, Deceased, Appellant.

384

at the May term, 1938.                  Heard in this court
filed November 7, 1938.                        Opinion

MacDonald, Meyer & Meyer, of East St. Louis, for appellant.

T. A. Gasaway, of East St. Louis, for appellee.

Mr. Justice Stone delivered the opinion of the court.

This appeal is prosecuted to reverse a decree of the city court of East St. Louis wherein plaintiff appellee was awarded by that court the proceeds of an insurance policy of her former husband Virgil Voris. The policy was issued by the Prudential Insurance Company of America. The policy was originally in the sum of $574 and was made payable to the executors or administrators of the said Virgil C. Voris. The policy contained a standard facility of payment clause and provided for extended insurance, of which provision the insured availed himself in 1934.

Plaintiff and insured were married in 1925, and divorced in 1935. Insured remarried and was killed January 30, 1936. Defendant was duly appointed administrator of the estate of Virgil Clarence Voris,

deceased, on July 14, 1937. The administrator demanded payment on the policy from the company on July 15, 1937, and the company agreed to pay the policy to him. On August 31, 1937, plaintiff filed her complaint making the company and administrator defendants. On October 4, 1937, the company filed its answer and counterclaim, which was an interpleader and on the same date obtained an order of court making Garrett Voris, Ida Voris, Dovie Daniels and Ruth Schmiehausen parties defendant to the counterclaim. On October 22, 1937, the administrator filed his reply to the company's answer and counterclaim. On the same date Garrett Voris, Ida Voris, Dovie Daniels and Ruth Schmiehausen filed their joint reply to the company's counterclaim wherein they disclaimed any interest in the policy except as heirs of the insured and prayed that the proceeds from the policy be ordered paid to the administrator.

On October 25, 1937, the company filed a reply to the administrator's reply to their counterclaim. On October 27, 1937, plaintiff filed a reply to the company's answer to the complaint. On October 29, 1937, the court entered an order allowing the company to pay the proceeds of the policy into court pending determination of the respective rights of the plaintiff and the administrator to said proceeds. On December 3, 1937, the administrator filed his answer to the complaint. On December 17, 1937, plaintiff filed her reply to the administrator's answer to the complaint.

On December 17, 1937, a trial was had before the court. At the close of plaintiff's case the administrator moved the court to dismiss plaintiff's complaint for want of equity, which motion was renewed at the close of all the evidence. Both motions were overruled by the court.

On January 19, 1938, a decree was entered in this cause in favor of plaintiff ordering the clerk of court

to pay the proceeds of the policy to the plaintiff and further ordering plaintiff to pay the funeral expenses for the funeral of insured, Virgil Clarence Voris, deceased.

Plaintiff appellee remained in possession of the insurance policy until after the death of the insured when she turned it over to the insurance company. There is some evidence that plaintiff appellee paid in part at least, the premiums assessed by the company. Defendant appellant contends that the court erred in not dismissing plaintiff's complaint for want of equity, and the court erred in allowing irrelevant and immaterial testimony, and in not entering a decree in favor of the administrator.

The facility of payment clause of the policy here is in words and figures as follows:

"It is understood and agreed that the Company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

There is no evidence that the company elected to pay the insurance to appellee nor was there any overt act on the part of the company which can reasonably be construed to be an exercise of that option. It might well be concluded that appellee had such an interest in this fund as would have justified the company in paying it to her under the facility of payment clause.

However, we are not concerned with that now. The fact is that it did not elect to make the payment to her and under the law she was not entitled to sue for it. In such a policy as the one under consideration, the administrator or executor of the deceased alone may bring such a suit. *McDaniels v. Western & Southern Life Ins. Co.,* 332 Ill. 603. In the above case our Supreme Court held that where the beneficiary of a life policy is not named or the policy is made payable to the estate of the insured, to the executor or administrator of the insured or to the insured himself, only the executor or administrator or personal representative of the insured is entitled to sue on the policy.

The error in this case seems to be in the failure to distinguish between the right to receive under the facility of payment clause and the right to demand thereunder. This clause is for the protection of the insurer and while it might and does have the option to pay the fund to some one other than the beneficiary named in the policy it is not compelled to do so.

The case of *Bishop v. Prudential Life Ins. Co.,* 217 App. 112, merely holds that the party claiming the fund was entitled to receive it had the company elected to pay it to her, which it did not do. That case holds that where an industrial policy containing a facility of payment clause is payable to the executor or administrator of the insured, payment to one of the class mentioned in such clause is optional with the insurer and one of such class cannot compel the insurer to make the payment to him. It also holds that where an insurer fails to exercise the option as to the person to whom it will pay, given it by the facility of payment clause in an industrial insurance policy payable to the executor or administrator, recovery may be had at the suit of the executor or administrator.

This is sound in law and in logic. A party who is in a position to receive the bounty if the insurer elects to pay it to him cannot compel the making of a new

contract. Contracts are determined in pursuance of the positions and rights of the parties thereto. An outsider, in the absence of fraud, may not oust one party to a contract and place himself in that party's place.

It makes no difference that appellee had a judgment against the insured for alimony, or that she paid the premium on the policy. That does not give her a right to sue. It only argues that she is in the class of those who had a right to receive the fund had the company elected to pay it to her under the above clause.

The trial court erred in not dismissing appellee's complaint for want of equity.

The judgment of the city court is reversed with directions to order the clerk who holds the fund under the interpleader to pay said fund to defendant appellant.

*Reversed and remanded with directions.*