### STOCK v. DAVIS et ux.

### No. 17138.

Court of Appeal of Louisiana. Orleans.

April 10, 1939.

Baldwin, Haspel & Malony and Robert R. Rainold, all of New Orleans, for appellant.

Hilary J. Gaudin and Felix Wilfred Gaudin, both of New Orleans, for appellees.

McCALEB, Judge.

Plaintiff, Edwin W. Stock, brought this suit against Mr. and Mrs. Clyde L. Davis to recover $176.14 representing the damage received by his automobile as a result of an intersectional collision with the Davis car. The issues involved are purely ones of fact, it being the contention of the plaintiff that he had preempted the intersection and that Mrs. Davis, driving her car at a high rate of speed, ran into the right rear portion of his automobile at a time when he had almost completed the crossing. Conversely, Mrs. Davis claims that she came into the intersection at a speed not in excess of 15 miles per hour; that she was approaching from plaintiff's right and that plaintiff, driving at 35 miles per hour, sped into the intersection and attempted to beat her across it. The defendants filed a reconventional demand for the recovery of the sum of $54.92 representing the damage sustained by their automobile.

After hearing on these issues, the trial judge, evidently being of the opinion that both parties were guilty of negligence, dismissed the main and reconventional demands. Plaintiff has prosecuted this appeal from the adverse decision.

The scene of the accident is the right angle crossing of South Dupre and Elba Streets in the City of New Orleans. The intersecting streets are two-way, blacktopped thoroughfares of equal width (27 feet). Plaintiff was proceeding on South Dupre Street in the direction of Napoleon Avenue. Mrs. Davis was driving her car on Elba Street towards Broad Street and was approaching South Dupre Street from plaintiff's right.

Plaintiff's version of the accident, which is partially corroborated by the testimony of his mother (a passenger in his car), is as follows: That he entered the intersection at a speed of about 18 miles per hour; that, when he arrived at a point approximately 3 feet over the property line, he looked to his right and saw an automobile in Elba Street about 33 feet from the intersection; that he had to decide whether he would stop or proceed forward; that, fearing that if he attempted to stop he would be struck by the oncoming car, he accelerated the speed of his car in an effort to get across before the other automobile and that he had passed the center of the intersection when the right rear of his car was struck by the front of the Davis car which had come into the crossing at a high rate of speed.

On the other hand, Mrs. Davis stated that she was driving her car on Elba Street at a speed of approximately 15 miles per hour and that she did not see plaintiff's car until after she had reached the intersection when it ran over the crossing at a speed in excess of 35 mile per hour. She further testified that, situated on the corner of the intersection, is a large, raised house surrounded by a high hedge abutting the sidewalk and that the view of motorists approaching the crossing from either South Dupre Street or Elba Street is obstructed.

A careful review of the testimony adduced in the case, when considered in connection with the physical facts, has been sufficient to convince us that both parties involved were guilty of negligence in that they proceeded into the intersection, at a speed greater than that permitted by law, without exercising a proper lookout. Our brother below was therefore correct in rejecting plaintiff's demand since it is clear to us that he was guilty of contributory negligence.

The plaintiff admitted that he was proceeding at 18 miles per hour and that he was 3 feet in the intersection before he noticed the Davis car which was then only 33 feet from him. He further says that his view of the traffic on Elba Street was not obstructed by the house situated on the corner. If this be true, it is difficult for us to understand why he did not see the Davis car until after he had arrived in the intersection. His testimony, with respect to the view afforded to a motorist traveling on South Dupre Street of the traffic approaching the intersection from his right, is vague and unsatisfactory and we are satisfied that the crossing is blind as defined by Art. V, section 3, subsection (b) of the City Traffic Ordinance, 13,702 C.C.S. That article prohibits a driver, approaching an intersection at which his view is obstructed from proceeding at a speed greater than 15 miles per hour. And

it further provides that the driver's view shall be deemed to be obstructed when, at a time during the last 50 feet of his approach to the intersection, he does not have a clear and uninterrupted view of it and of the traffic upon all streets entering it for a distance of 100 feet from it. Consequently, plaintiff, by driving into the intersection at 18 miles per hour, violated the ordinance, since his view of the traffic approaching the intersection from Elba Street was obstructed. We also hold that plaintiff's negligence in this respect had causal connection with the resultant accident.

Plaintiff's counsel argue alternatively that, if it should be found that their client was guilty of contributory negligence, Mrs. Davis had a last clear chance to avoid the accident. The contention is without merit. There is nothing in the record to show that Mrs. Davis was ever in a position to avert the collision. As a matter of fact, both drivers were actively negligent to the moment of the impact as each proceeded to drive over the crossing at an excessive speed and without having their vehicles under control. Under such circumstances, the court will not permit one of them to be remunerated at the expense of the other.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.