**FARRIS et al. v. MEYER SCHUMAN CO.**
**No. 7371.**

Circuit Court of Appeals, Seventh Circuit.
Oct. 22, 1940.

578

March & Rossiter, of Chicago, Ill. (Benjamin F. March, Lyle H. Rossiter, and W. D. Sellers, all of Chicago, Ill., of counsel), for appellant.

Chapman & Cutler, of Chicago, Ill. (Roscoe C. Nash, of Chicago, Ill., of counsel), for appellees.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Pursuant to Sections 2(2) and 5(a, b) of the Perishable Agricultural Commodities Act, 46 Stat. 532, 534, Title 7 U.S.C.A. §§ 499b(2), 499e(a) and (b), Barbere Farris and Fred Farris, purchasers, made complaint to the Secretary of Agriculture against the Meyer Schuman Company, seller, charging that on July 9, 1938 the seller sold to the purchasers a carload of cantaloupes, U. S. No. 1 grade, then in transit in interstate commerce; that the purchasers had been advised by the seller that the cantaloupes were in good condition when shipped; that the merchandise did not arrive in Toledo, Ohio, the point of destination, in a suitable condition to meet the requirements of U. S. No. 1 grade and that by reason thereof the purchasers suffered a loss.

The seller answered the complaint admitting the sale, denied the cantaloupes were sold on a grade and alleged it delivered the kind, grade and quality provided for under its contract of sale.

After oral hearing had been waived an Acting Secretary of Agriculture made findings of fact to the effect that the purchasers contracted in interstate commerce to purchase, and the seller to sell, a carload of 324 crates of cantaloupes at the agreed price of $1,032.90 less freight and other charges, or for the net sum of $573.76 f. o. b. Chicago, Illinois; that the cantaloupes were shipped from Alhambra, Arizona, on July 5, 1938 and were on July 9, 1938 diverted in transit to the purchasers at Toledo, Ohio, arriving there on the morning of July 11, 1938. An inspection within a few hours after their arrival disclosed a high percentage of over-ripe, decayed and molded melons.

The purchasers segregated 47 crates of sound cantaloupes and sold them at an average price of $3.70 per crate and sold the 259 damaged crates for $385.50.

Based on these findings the Secretary of Agriculture determined and concluded that the seller failed to deliver sound cantaloupes for which it had received payment, that the purchasers had been damaged, and issued his order of reparation awarding damages in favor of the purchasers and against the Meyer Schuman Company for $572.80 and interest.

The Meyer Schuman Company appealed to the District Court. A jury having been waived, the cause was tried by the court de novo. The purchasers offered in evidence the complaint, answer of the seller, findings, conclusions and the order of the Secretary of Agriculture, and in addition there was testimony to the effect that the railroad car in which the cantaloupes were shipped was properly refrigerated and in good mechanical condition, and that perishable commodities, where the car is properly refrigerated and is in good mechanical condition, "will keep in good shape and condition for nine or ten days."

There was no evidence that the cantaloupes were in good condition when shipped.

Meyer Schuman testified that the cantaloupes were "vine-ripened" which means "a more matured grade of cantaloupe" and that "a cantaloupe is about the highest perishable commodity there is."

Upon the record thus appearing the trial court concurred in the findings of the Secretary of Agriculture and specifically found that 259 crates of the cantaloupes were not of merchantable quality or in suitable shipping condition, either at the time they were purchased or at the time they were shipped from Arizona, and rendered judgment for $572.80 and interest in favor of the purchasers and against the seller. To reverse the judgment, the seller appeals.

The first question raised by the appellant is that the evidence fails to substantiate the allegations of the complaint. The record discloses that after appellees rested their case, counsel for appellant moved for a finding on the ground of variance, claiming that appellees failed to prove appellant sold appellees U. S. No. 1 cantaloupes. In passing upon the motion the court held the complaint alleged and the proofs showed that appellant sold to appellees cantaloupes with an implied warranty that they were merchantable.

The purpose of the rule which requires that the allegations and the proofs must correspond is that the opposite party may be fairly apprised of the specific nature of the questions involved in the issue, and it is elementary that a variance between allegations and proofs, in order to be fatal, must be substantial and material. In our case a fair reading of the complaint clearly discloses that the appellant was apprised of the factual basis of appellees' claim. It was well aware of the fact that the gist of appellees' claim was that appellant had sold to appellees cantaloupes warranted to be in good condition, when in fact they were over-ripe and decayed. Under such a situation, no disadvantage accruing to appellant, we would not be justified in reversing the judgment. Cuneo Press v. Claybourn Corporation, 7 Cir., 90 F.2d 233.

The only other point raised by the appellant is that the trial court erred in assessing the damages.

Under 7 U.S.C.A. Sec. 499g(c), section 7(c) of the Perishable Agricultural Commodities Act, either party adversely affected by the order of the Secretary of Agriculture may take a direct appeal to the District Court and the trial on such appeal shall be de novo and shall proceed in all other respects as other civil suits for damages, except that the findings of fact and the orders of the Secretary shall be prima facie evidence of the facts therein stated. It has been held that the facts found by the Secretary shall stand as the established facts until sufficient evidence is produced on the trial to overcome them. Spano v. Western Fruit Growers, Inc., 10 Cir., 83 F.2d 150, 152. See also Blair v. Cleveland, C., C. & St. L. Ry. Co., D.C., 45 F.2d 792 and cases cited therein.

In the instant case the Secretary found as a fact that the Railroad Perishable Inspection Agency had made an examination of the cantaloupes within a few hours after they arrived at Toledo, Ohio, disclosing that a high percentage of the cantaloupes were over-ripe, decayed and molded; that appellees on July 11, 1938 segregated 47 crates of the sound cantaloupes and sold them at an average price of $3.70 per crate, that price comparing favorably with the market reports of sales of U. S. No. 1 cantaloupes in the vicinity of Toledo, Ohio, and immediately sold the 259 damaged crates of cantaloupes for $385.50, which was $572.80 less than the average price received for the sound cantaloupes. It cannot be gainsaid that actual sales of a commodity at the time and place of the breach of a contract are not the best evidence of market value. It thus appears that the Secretary awarded appellees only the pecuniary loss sustained. Moreover, appellant offered no evidence as to the value of the over-ripe and decayed cantaloupes. In this state of the record, under the provisions of the Perishable Agricultural Commodities Act, the findings of fact and order of the Secretary of Agriculture must prevail.

Finding no reversible error in the record, the judgment of the District Court is affirmed.