## 30925.  LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* MARKS.

DECIDED JUNE 28, 1945.

*Carl B. Copeland, H. J. McBride,* for plaintiff in error.

*Boykin & Boykin,* contra.

SUTTON, P. J. (After stating the foregoing facts.) The point raised by the general demurrer, that the plaintiff does not show any right to bring or maintain the present suit, is well taken and is controlling. The suit is brought by the plaintiff in her individual capacity and she fails to show any right on her part as such to bring or maintain the action. The only connection that she shows with the subject-matter of the suit is that the applicant for the insurance, Luther C. Marks, was her husband. She does not allege or claim that she was the beneficiary of the insurance for which he had applied. "Ordinarily a policy of insurance upon

the life of a married man, where no person is named therein as the beneficiary, is not payable to his wife, but is payable to the executor or administrator of his estate." *Pate* v. *Insurance Co. of Virginia*, 19 *Ga. App.* 597 (91 S. E. 883). The title to personal property, including choses in action, upon the death of the owner, passes to his personal representative, and not to his heirs at law. It was held in *Hill* v. *Maffett*, 3 *Ga. App.* 89 (59 S. E. 325), and the same principle reaffirmed in *Moore* v. *Cox*, 54 *Ga. App.* 207 (187 S. E. 609), that, "Upon the death of a person intestate, choses in action in his favor pass to his administrator; and his heirs at law can take no more than an equitable interest therein, except through the intermediation of the administrator. The heirs, although all of them are sui juris and of full age, can not maintain an action at law upon a chose in action in favor of the intestate, notwithstanding there is no administrator and all debts due by the intestate have been paid." Also, see *Bennett* v. *Bottoms*, 64 *Ga. App.* 456 (13 S. E. 2d, 519).

On demurrer, not only must the petition be construed most strongly against the pleader, but the court, in passing upon the sufficiency of the allegations to make out a case, should keep in mind the principle that every material fact which goes to constitute the plaintiff's cause of action or right to recover must be alleged; that is, he must sufficiently allege every fact which he will be required to prove in order to recover. *Groover* v. *Simmons*, 163 *Ga.* 778, 780 (137 S. E. 237); *Guaranty Life Ins. Co.* v. *Graham*, 58 *Ga. App.* 767 (199 S. E. 829). The petition failed to show any right on the part of the plaintiff to bring or maintain the present action, and the court erred in overruling the general demurrer on this ground.

*Judgment reversed. Felton and Parker, JJ., concur.*