Hazel NIXON, Appellant,

v.

The LIFE INSURANCE COMPANY OF VIRGINIA, a corporation, and Annie May Ewers, individually and as Administratrix of the Estate of Barton M. Ewers, deceased, Appellees.

No. 1794.

Municipal Court of Appeals for the District of Columbia.

Argued May 7, 1956.

Decided July 20, 1956.

Alfred S. Fried, Washington, D. C., with whom Harold Smith, Washington, D. C., was on the brief, for appellant.

John E. Powell, Washington, D. C., with whom Arthur P. Drury and John M. Lynham, Washington, D. C., were on the brief, for appellee Ewers.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

One Barton M. Ewers, at the time of his death, was the holder of two industrial life insurance policies with the appellee insurance company; neither policy designated a beneficiary, but each contained a so-called "facility of payment" clause reading as follows:

> "The Company may make any payment provided for in this Policy, to husband or wife, or any relative by blood, or lawful beneficiary, or connection by marriage of the Insured, or to any other person who may appear to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured for his or her burial, or for any other purpose; and the production by the Company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied."

After the death of Ewers the policies were delivered to the company by the appellant who claimed that she was entitled to their proceeds because for some four years prior to his death, the deceased had lived at her house, she had furnished him clothing, housing and food, had assisted him in his business, all without compensation, and had paid premiums on the policies.

Annie May Ewers, the widow of the deceased, also claimed the insurance proceeds either in her individual capacity or as administratrix of decedent's estate by appointment of the Probate Court of this District.

The insurance company confronted with these conflicting demands did not avail itself of the provisions of the "facility of payment" clause, but filed a complaint for interpleader and the court authorized the company to deposit the proceeds of the policies in the registry of the court.

Both the appellant and the widow answered admitting that the policies contained the "facility of payment" clause and each set forth the basis of their respective claims as stated. The court, after opening statements of counsel, but without taking evidence, awarded the proceeds of both policies to the widow as administratrix and entered judgment accordingly. Appellant appeals from this judgment.

Appellant's contention, which we think dispositive of this case, is that the court below should not have ruled that the administratrix of the deceased-insured was entitled to the proceeds of the policies as a matter of law. Her position is that the court should have heard proof of the merits of her claim and exercised its equitable power to decide who was entitled to the disputed funds. A consideration of the nature and purpose of interpleader together with an examination of the cases, convinces us that appellant is correct in this contention.

Interpleader is a long established equitable remedy designed to avoid multiplicity of claims and circuity of action.[1] Its foundations are in equity and where allowed the court is called upon to determine to which of the various claimants the

1. State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 830, 83 L.Ed. 817; Austin v. Texas-Ohio Gas Company, 5 Cir., 218 F.2d 739; 2 Barron & Holtzoff, Federal Practice and Procedure, § 551, p. 128.

money deposited with the court should be awarded. Where, as here, the remedy is invoked by the insurer, we think the better rule is that it is the duty of the court to pass upon the merits of the claimants' rights to the proceeds.

At this point appellee contends, as she did in the trial court, that no beneficiary having been specifically named in the policies, the proceeds must be distributed to the representative of the insured's estate. She cites authority in support of this contention but our examination discloses that much of it is distinguishable from our present case. Most of the cases cited concern policies which themselves are distinguishable in that they expressly make the proceeds payable to the administrator or executor of the insured *unless* at its option the insurance company elects to pay under the facility of payment clause.[2] This distinction was expressly recognized by the court in Willard v. Prudential Ins. Co. of America, 276 Pa. 427, 120 A. 461, 28 A.L.R. 1348, and so far as can be determined from the record in its present posture, the policies in question contain no such provision.

Appellee's case of Uptegrove v. Metropolitan Life Ins. Co. of New York, 145 Neb. 51, 15 N.W.2d 220, is also distinguishable because there the benefits under the policies accrued to the insured during his lifetime and thus were properly payable to his estate on his death. While appellee's other authorities may be said to lend support to her contention,[3] they are not sufficiently persuasive to justify this court in holding that the trial judge was correct in ruling as a matter of law that the proceeds were payable to the administratrix.

On the contrary, we refer to the annotation in 166 A.L.R. 10 as demonstrative of the diversity of the conclusions reached by the courts in cases such as this. We think that by far the better approach is that taken in those cases where the court exercised its powers to determine which of the rival contestants were equitably entitled to the proceeds. Thus in Prudential Ins. Co. of America v. McMahon, 60 R.I. 446, 199 A. 305, on facts similar to those in the present case, the court divided the proceeds between the administrator and another claimant who had paid premiums, loaned money, nursed, and boarded the insured.

Similarly, in Ellis v. Metropolitan Life Ins. Co., Mo.App., 3 S.W.2d 397, where the insurance company interpleaded both the insured's administratrix and a woman with whom he had boarded before his death, the latter contending the deceased was indebted to her for board, lodging and washing, and the payment of premiums, the court in the exercise of its equitable powers, reversed the trial court and directed a judgment against the administratrix and in favor of the adverse claimant. It is to be noted that the court so acted even though the policy expressly named the administrator as beneficiary.

Other courts have reached similar conclusions: John Hancock Mut. Life Ins. Co. v. Sykes, D.C.E.D.Va., 106 F.Supp. 116; Bojczuk v. Skradski, 137 Kan. 4, 19 P.2d 468; Wickes v. Metropolitan Life Ins. Co., La.App., 170 So. 48; Metropolitan Life Ins. Co. v. Mangravite, 120 N.J.Eq. 574, 188 A. 445; and Prudential Ins. Co. v. Roberto, 53 R.I. 415, 167 A. 139.

This procedure is in keeping with the fundamental nature and purpose of proceedings by way of interpleader by preventing circuity of action, a course sure to result from the trial court's action relegating

2. Voris v. Rutledge, 297 Ill.App. 383, 17 N.E.2d 622; Stock v. Davis, La.App., 187 So. 679; Prudential Ins. Co. v. Godfrey, 75 N.J.Eq. 484, 72 A. 456; affirmed, Prudential Ins. Co. of America v. Godfrey, 77 N.J.Eq. 267, 76 A. 1067; Howell v. John Hancock Mutual Life Ins. Co., 286 N.Y. 179, 36 N.E.2d 102; In re Howley's Estate, 133 Misc. 34, 231 N.Y.S. 95.

3. Life & Casualty Ins. Co. of Tennessee v. Marks, 72 Ga.App. 640, 34 S.E.2d 633; Novotny v. Acacia Mutual Life Ins. Co., 287 Ill.App. 361, 4 N.E.2d 978; Wokal v. Belsky, 53 App.Div. 167, 65 N.Y.S. 815.

the appellant to an independent suit either against the administratrix or the distributees of the estate. We fail to see any valid reason why the insurance money should pass through decedent's estate, or how the orderly processes of justice would be served by such circuitous procedure. Indeed, it is manifest that such a requirement would have the effect of merely postponing for decision that which is now subject to the court's disposition in one proceeding, not to mention the additional hardship and expense to appellant who would be obliged to file suit in the same court.

Associate Judge Hood bases his dissent on the theory that counsel for the appellant rested his client's claim on the "facility of payment clause" and that "in this jurisdiction it is established that such a clause is solely for the convenience of the insurer and bestows on no person a right to the proceeds" (of the policies), citing French v. Lanham, 61 App.D.C. 56, 57 F.2d 422.

We agree that appellant's counsel did insist that the claim of his client was based on this clause; however, the proofs proffered in the course of counsel's argument categorized her status as that of a creditor; e. g., she claimed the proceeds of the policies because of an alleged money indebtedness to her by the decedent. The attorney for the appellee adopted the same view, as did the trial judge; the latter stated: "It is my opinion * * * that Mrs. Nixon (the appellant) if anything, should be a creditor of the estate"; and it was for this reason he in effect relegated her to her remedy against the estate, either in the Probate Court or to the trial court by the filing of an independent suit.

We agree with Judge Hood that if appellant's legal status was merely that of one claiming under the "facility of payment clause", she would have no standing

in the light of French v. Lanham. We find, however, that her real legal status was that of a creditor and that for the reasons discussed in the earlier part of this opinion she was entitled to the opportunity to introduce evidence in an attempt to sustain her claim as such. While we find, uncritically, that in our opinion, her counsel misconceived her true legal status, that fact should not deprive her of substantial legal rights. To hold otherwise would, in our view, deny plaintiff her day in court on a mere technicality. The liberality in pleading and the free power to amend given litigants by our rules of trial procedure[4] persuade us that this misconception of plaintiff's counsel was not fatal to her claim and that in agreeing with opposite counsel on plaintiff's true status as a creditor we do not prejudice him.[5]

Accordingly, we reverse the trial court with instructions to set aside the order and judgment of March 5, 1956, and permit appellant to introduce proof of her claim as a creditor and to enter an order in accordance with such equities as may be established by the proof.

Reversed and remanded for proceedings in accordance with this opinion.

HOOD, Associate Judge (dissenting).

In the opening statement appellant twice specifically denied that she was a creditor of the estate. Furthermore, she made no claim that the policies had been assigned, pledged or donated to her either formally or otherwise. Her only claim to the proceeds of the policies was stated by her counsel as follows: "On behalf of Mrs. Nixon we claim the proceeds of each of these policies under the provision of the facility of payment clause, which states that payment may be made to any person equitably entitled thereto. * * * we feel that

---

4. See Rules 8(f) and 15(b) of the Rules of the Municipal Court.

5. Shelley v. Union Oil Co. of California, 9 Cir., 203 F.2d 808; Franklin v. Columbia Terminals Co., 8 Cir., 150 F.2d 667; Farris v. Meyer Schuman Co., 7 Cir., 115 F.2d 577; Field v. Waterman S. S. Corporation, 5 Cir., 104 F.2d 849.

Mrs. Nixon is the primary person under this facility of payment clause to be equitably entitled to the proceeds of these policies."

It is thus clear that appellant rested her claim on the facility of payment clause, but in this jurisdiction it is established that such a clause is solely for the convenience of the insurer and bestows on no person a right to the proceeds. French v. Lanham, 61 App.D.C. 56, 57 F.2d 422. I think the trial court correctly ruled that the administratrix was entitled to the proceeds of these policies.