Otho ASHTON and United States Fidelity and Guaranty Co., Appellants,

v.

Arravera ASHTON, Appellee.

No. 1674.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 12, 1955.

Decided Nov. 4, 1955.

E. W. Mollohan, Washington, D. C., with whom George Johannes, Washington, D. C., was on the brief, for appellants.

Carlisle E. Pratt, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

John L. Ashton died intestate in the District of Columbia on August 18, 1952. He was survived by his widow, two brothers, and the children of a deceased sister. One brother, Otho Ashton, was appointed administrator of the estate. This action was brought by the widow against the administrator to recover what she claimed as her distributive share of the estate.[1]

The question is whether certain funds constitute assets of the decedent's estate. Decedent was employed by the United States at the time of his death and had to his credit the sum of $1,980.46 in the United States Civil Service Retirement Fund, and there was also due him the sum of $679.94 for unpaid salary and accumulated annual leave. The administrator contends that both of these sums are properly assets of the estate.

■ With respect to the credit in the Civil Service Retirement Fund the law provides that when an employee dies before retirement and is survived by a widow, such widow shall be paid an annuity,[2] and as a result the widow in this case has been receiving an annuity in the monthly sum of $44. We think it is beyond question that the credit in the retirement fund was not an asset of decedent's estate. Since he was survived by a widow he had no power by will, designation or otherwise, to dispose of this credit. The law automatically, whether or not he desired it, made this credit available for one purpose only, namely, payment of an annuity to the widow so long as she lives.[3] We are not concerned with any lump sum payment which may be due on the death of the widow. The possibility of any such sum being due appears remote. Appellant has discussed the right of designation and the order of precedence in payment in absence of designation provided in 5 U.S.C.A. § 724(e); but that provision applies only when the employee

1. Ordinarily a dispute such as this would be within the jurisdiction of the United States District Court for the District of Columbia sitting as a court of probate. Code 1951, § 11–504; Frazier v. Kutz, 78 U.S.App.D.C. 241, 139 F.2d 380. In the instant case the administrator gave a special bond which relieved him from accounting to the Probate Court and made him personally answerable for debts and claims against the estate. Code 1951,

§ 20–203; Hawley v. Hawley, 72 App.D.C. 376, 114 F.2d 745.

2. 5 U.S.C.A. § 724(c).

3. See "Questions and Answers Concerning the Federal Civil Service Retirement Law (1953)" published by the United States Civil Service Commission: "202. Must the husband name his wife as beneficiary on Form 2808 in order that she may be awarded an annuity upon his death? No.

dies without a survivor entitled to an annuity and it has no application here.

The question of unpaid salary and accumulated annual leave presents a different and somewhat more difficult problem. By Act of Congress of August 3, 1950,[4] Congress provided:

"In order to facilitate the settlement of the accounts of deceased civilian officers and employees of the Federal Government and of the government of the District of Columbia (including wholly owned and mixed-ownership Government corporations) all unpaid compensation due such an officer or employee at the time of his death shall be paid to the person or persons surviving at the date of death, in the following order of precedence, and such payment shall be a bar to recovery by any other person of amounts so paid:

"First, to the beneficiary or beneficiaries designated by the officer or employee in writing to receive such compensation filed with the Government agency in which the officer or employee was employed at the time of his death, and received by such agency prior to the officer's or employee's death;

"Second, if there be no such beneficiary, to the widow or widower of such officer, or employee;

"Third, if there be no beneficiary or surviving spouse, to the child or children of such officer or employee, and descendants of deceased children, by representation;

"Fourth, if none of the above, to the parents of such officer or employee, or the survivor of them;

Regardless of who is designated, or whether anyone is designated, the widow's right to annuity is the same. * * * * 204. What purpose does a designation of beneficiary on Form 2808 serve if the employee has a wife or children who may be eligible for survivor annuity benefits upon his death? The designation gives

"Fifth, if there be none of the above, to the duly appointed legal representative of the estate of the deceased officer or employee, or if there be none, to the person or persons determined to be entitled thereto under the laws of the domicile of the deceased officer or employee."

The same law defined "unpaid compensation" to mean "the pay, salary, or allowances, or other compensation due on account of the services of the decedent." 5 U.S.C.A. § 61g. Under the above law the widow was paid decedent's unpaid compensation, because decedent had failed to designate a beneficiary. The administrator contends that, although under the law the money was properly payable to the widow, it was not the intent and purpose of the law that the widow become the beneficial owner thereof; that the purpose of the law was to facilitate payment and save the Government time and expense in settlement of these accounts; that the law is similar to the "Facility of Payment Clauses" in insurance policies and acts as an acquittance to the Government but does not determine the person ultimately entitled thereto;[5] and that the unpaid compensation is properly an asset of the estate and the widow is accountable to the estate therefor.

We have been cited to no case squarely in point and have found none. The legislative history of the law[6] clearly indicates that one purpose of the law was to save the Government expense in the adjusting and settling of the accounts of deceased employees, but it also indicates that another purpose was to provide more expeditious payment to the families of employees. Our study of the statute convinces us that its effect is to give the employee the power to designate a beneficiary, and

the person named on Form 2808 the right to any lump-sum payment if and when due."

4. 5 U.S.C.A. § 61f.

5. See French v. Lanham, 61 App.D.C. 56, 57 F.2d 422.

6. 1950 U.S.Code Cong.Service, p. 2866.

in the absence of such designation by the employee, the beneficiary is automatically designated in the order fixed by the statute. Thus, no right of the employee is curtailed. He may designate his estate, or any person he chooses, as beneficiary. It is only when he fails to designate a beneficiary that the law fixes the beneficiary. His failure to designate constitutes an election to accept the beneficiary fixed by law. The statute was enacted in 1950 and decedent lived until 1952. It must be presumed that he knew of his right to name a beneficiary and elected not to exercise that right.[7]

The administrator, however, earnestly argues that if the effect of the statute is to make the unpaid compensation payable to the widow as her own property, then the statute amounts to a partial nullification of the law of descent and distribution of the District of Columbia, and that surely this was not the intent of Congress.

We think the answer to this is that one who accepts Federal employment accepts all the terms and conditions fixed by Federal law with respect to his compensation, as, for example, the law with respect to deductions from salary for Civil Service Retirement purposes.[8] In the present case the employee was bound by the law which provided that at his death, unless he designated otherwise, his unpaid compensation would be payable to and would belong absolutely to his widow. This was a part of his contract of employment and in no way limited his right to dispose of his estate either by will or by the law of distribution. A somewhat similar question arose in numerous cases involving United States Savings bonds which permit the designation of one to whom they shall be payable on death of the owner. By the great weight of authority such designation validly passes title on death of the owner

and does not violate the local law of wills or distribution of decedents' estates.[9]

It is our conclusion that the trial court properly ruled that neither of the funds involved is an asset of decedent's estate.

One final question is involved. The administrator claimed and asked for allowance of attorneys' fees for services in connection with this action. We think the claim was properly denied. The court had no right to allow the administrator counsel fees out of funds which were no part of the estate, and as to assets of the estate itself the court had no jurisdiction.

Affirmed.

---

7. See Kindleberger v. Lincoln National Bank of Washington, 81 U.S.App.D.C. 101, 106, 155 F.2d 281, 286, 167 A.L.R. 1011, 1018, certiorari denied 329 U.S. 803, 67 S.Ct. 495, 91 L.Ed. 686, where, dealing with the question of a beneficiary under a life insurance policy, it was said: "Buckley survived until 1943, some nine years after the statute was adopted. He is presumed to have known of its con-

tents, and, had he desired that the statute not control the disposition of the proceeds of his policies, he could have exercised the right reserved by him to change the beneficiary."

8. 5 U.S.C.A. § 722.

9. See Reynolds v. Reynolds, 325 Mass. 275, 90 N.E.2d 338, and cases there cited.