717 A.2d 904 (1998)
Mirinda JACKSON, Petitioner,
v.
DISTRICT OF COLUMBIA POLICE AND FIREFIGHTERS RETIREMENT AND RELIEF BOARD, Respondent.
No. 97-AA-897.
District of Columbia Court of Appeals.
Argued May 26, 1998.
Decided September 17, 1998.
*905 Rebecca L. Taylor, with whom Frederick A. Douglas, Washington, DC, and Michael M. Hicks, Silver Spring, MD were on the briefs, for petitioner.
Martin B. White, Assistant Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief for respondent.
Before STEADMAN and SCHWELB, Associate Judges, and BELSON, Senior Judge.
BELSON, Senior Judge:
Petitioner Mirinda Jackson appeals the determination of respondent District of Columbia Police and Firefighters Retirement and Relief Board ("Board") that she was not entitled to survivor annuity benefits under the Police and Firefighters Retirement and Disability Act ("the Act").[1] The issue on appeal is whether petitioner, the widow of Burton F. Jackson, a retired United States Secret Service agent, waived her right to the survivor annuity under the Act by entering into a separation and property settlement agreement with her husband, whereby each party explicitly waived to the other any interests in the other's retirement plans, pensions, IRAs or similar interests. We conclude that the Board erred in finding that Ms. Jackson waived her rights to survivor annuity benefits and, accordingly, reverse and remand.

I.
Burton F. Jackson was appointed to the United States Secret Service, Uniformed Division, on August 25, 1970. On March 5, 1976, he and petitioner married. Mr. Jackson retired from the Secret Service in 1990. In July 1994, he and petitioner entered into a separation and property settlement agreement. Mr. Jackson died on November 18, 1995. At the time, he and petitioner were still separated but had not divorced.
On January 16, 1996, Ms. Jackson submitted her application to the Board for survivor's benefits based on Mr. Jackson's former employment with the Secret Service. Without a hearing, the Board voted to deny her application on February 29, 1996, and issued a written decision to that effect on April 1, 1996, stating that pursuant to the separation *906 agreement, Ms. Jackson "specifically waived her rights to her husband's pension." In re Mirinda Jackson, Police and Firefighters Retirement and Relief Bd. Case No. SS96-3020 (April 1, 1996).
Petitioner filed a petition for reconsideration, but the Board again denied her claim for survivor annuity benefits.[2] The Board issued a written decision embracing its second denial on April 10, 1997.[3]

II.
Our review of an agency's action is deferential; "[w]e defer to an agency's interpretation of a statute or regulations it is responsible for enforcing as long as the interpretation is not plainly wrong or inconsistent with the legislature's intent." Downs v. District of Columbia Police and Firefighters Retirement & Relief Bd., 666 A.2d 860, 861 (D.C.1995) (citations omitted). We must "defer to an administrative agency's findings of fact and affirm them if they are supported by substantial evidence in the record as a whole." 4934, Inc. v. District of Columbia Dep't of Employment Servs., 605 A.2d 50, 53 (D.C.1992) (citations omitted). Nonetheless, we will "`hold unlawful and set aside any [agency] action or findings and conclusions' not supported by substantial evidence." Breen v. District of Columbia Police and Firefighters Retirement & Relief Bd., 659 A.2d 1257, 1258 (D.C.1995) (quoting D.C.Code § 1-1510(a)(3)(E) (1992 Repl.)). Guided by these principles, we turn now to the merits of this case.

III.
The statutory provision at issue is D.C.Code § 4-622(b), which provides in relevant part:
In case of the death ... of any former member after retirement ..., leaving a widow or widower, such widow or widower shall be entitled to receive an annuity....
Id. The term "member" in this section includes United States Secret Service agents of the Uniformed Division as defined by D.C.Code § 4-607(1). Ms. Jackson contends that the Board erred in denying her annuity benefits pursuant to this section. The Board, however, maintains that the separation agreement Ms. Jackson entered into *907 with her husband constituted a waiver of her annuity rights.
We find no fault with the Board's determination that the separation agreement was valid under Maryland law.[4]See Frana v. Frana, 12 Md.App. 273, 278 A.2d 94, 97 (1971). We disagree, however, with its determination that petitioner waived her § 4-622(b) annuity right by entering into the separation agreement.
The controlling provision of the separation agreement provides, in relevant part:
Each of the parties hereby now and forever waives to the other any and all interests, claims, or rights they may now or in the future have to any IRA; regular or military type retirement plans, pensions, 401K accounts, or other such interests which are in the name of the other party.
Given this provision, the decisive question is whether the § 4-622(b) survivor annuity was a property interest of Mr. Jackson within the meaning of the separation agreement or was instead an inchoate property interest of the petitioner.
We are unable to find, nor do the parties cite, any case law or legislative history which deals specifically with whether a § 4-622 survivor annuity was, before the employee's death, a property interest of the employee or, instead, an inchoate interest of the potential annuitant. Of some relevance, however, is our holding in Ashton v. Ashton, 117 A.2d 459 (D.C.1955). There, decedent was employed by the United States at the time of his death and there was a specific sum to his credit in the United States Civil Service Retirement Fund. The issue was whether that sum was an asset of decedent's estate. We held that "it is beyond question that the credit in the retirement fund was not an asset of decedent's estate." Id. at 460. We further noted that because the law automatically made the credit of the deceased employee available only for payment of an annuity to the widow as long as she lived, neither the deceased nor his estate had the power "by will, designation or otherwise, to dispose of th[e] credit." Id.
Case law from other jurisdictions also provides guidance as to whether a deceased, his estate, or his surviving spouse holds a property interest in a survivor annuity. In In re Estate of Bannon, 171 Ind.App. 610, 358 N.E.2d 215 (1976), where the deceased had contracted with his company for his wife to receive an annuity upon his death, the Indiana Court of Appeals held that the decedent had no interest in the annuity which was payable to his widow, and therefore the annuity was not subject to inheritance tax. Id. 358 N.E.2d at 217. "The payment was not a transfer from decedent, rather, it came directly from the corporation in response to a contract for valuable consideration." Id. (citations omitted). Moreover, once the decedent had entered into the employment agreement, he relinquished his interest in the annuity payable to his widow and could not thereafter take any action to affect her rights. Id. 358 N.E.2d at 218. Similarly, in In re Marriage of Lipkin, 208 Ill.App.3d 214, 153 Ill.Dec. 122, 566 N.E.2d 972 (1991), a divorce case, the Illinois court noted that a survivor's benefit was a separate and distinct property interest benefitting only the surviving spouse "subject to the contingency of survival." Id., 153 Ill.Dec. 122, 566 N.E.2d at 975.
In the instant case, the above-quoted language of § 4-622(b) plainly indicates that upon the happening of a contingency, the death of a former member after retirement, the surviving widow or widower shall automatically be entitled to annuity benefits directly from the District of Columbia.[5]See Downs, supra, 666 A.2d at 861 (this court favors interpretations consistent with plain language of statute). The survivor annuity is *908 in no sense a transfer from the decedent to the surviving spouse.
In addition, in the Retirement Plan prepared by the District of Columbia Retirement Board, the Survivors' Benefits section provides that while a surviving widow is automatically entitled to an annuity, a member (of the retirement plan) may elect to reduce his own pension during his lifetime in order to provide the survivor with additional support.[6] This provision illustrates that survivor annuity benefits are different from a member's pension benefits, as it gives the memberMr. Jackson in this casethe option of transferring additional funds to augment otherwise separately funded survivor annuity payments.
There is no language in the plan indicating that the member has the power to dispose of the survivor's annuity rights by will, assignment or otherwise.[7] Thus, although it is true that Ms. Jackson's entitlement to the survivor annuity is a result of her husband's employment with the Secret Service, the annuity right was Ms. Jackson's rather than her husband's. She did not waive it by contracting with her husband to waive any claims, rights, or interests she may have had in any IRA, retirement plan, pension, 401K account, or other such interests that were his.
Consideration of the practical effects of the waiver resulting from reading the statute as the Board did gives further support to Ms. Jackson's position. If Ms. Jackson should be deprived of the survivor annuity, it would not benefit Mr. Jackson or his estate at all. The agreement speaks of each party's waiving an interest "to the other," but the Board's ruling would not accomplish that. It would give nothing to Mr. Jackson or his estate.
The overall import of the controlling provision of the separation agreement is that each signatory agreed to forsake any claim upon the retirement plan, pension, IRA or similar interests of the other spouse. That purpose would be served by denying any claim that Ms. Jackson might make on Mr. Jackson's pension or retirement rights, but it is not served by denying Ms. Jackson her own spousal annuity.
Finally the agreement speaks of waiving claims to interests "in the name of the other party." While it is true, as the Board argues, that any survivor annuity was derived from the employment of Mr. Jackson, there is no record indication that the survivor annuity itself was "in the name" of Mr. Jackson, phraseology that is perhaps more descriptive of other specified interests such as a 401K account than of a survivor annuity.[8] By its very nature a spousal survivor annuity is an inchoate interest belonging to a member's spouse, in this case Ms. Jackson.

IV.
In sum, we hold that the Board erred in finding that Ms. Jackson waived her rights to survivor annuity benefits. The waiver provision of the separation agreement applies to any claims Ms. Jackson had (or may have had) against property interests of Mr. Jackson of the type set forth in the agreement. It does not apply to the annuity to which she was entitled by virtue of Mr. Jackson's employment. Therefore, Ms. Jackson is entitled to receive the survivor annuity as of the date of eligibility pursuant to the Police and Firefighters Retirement and Disability Act.
Reversed and remanded.
NOTES
[1] D.C.Code §§ 4-601 to -634 (1994 Repl. & 1998 Supp.).
[2] The Board seeks dismissal on the ground that the court lacks jurisdiction over the matter. It argues that petitioner filed her petition for reconsideration with the Board one day too late, i.e., on the sixteenth day after she received the Board's decision on April 10, 1996. See D.C. PERSONNEL REGULATIONS, RULES OF PRACTICE AND PROCEDURE FOR THE POLICE AND FIREFIGHTERS RETIREMENT AND RELIEF BOARD, Ch. 26B § 2525.1 (1989); see also D.C.App.R. 15(b).

Petitioner asserts that she filed her letter petition for reconsideration by mailing it to the Board on April 18, 1996, a full week before the time for seeking reconsideration expired. Although our attention has not been called to any affidavit or other proof of the date on which petitioner's letter of April 18, 1996, was mailed, she represents in her supplemental reply brief (p. 3), through counsel, that it was mailed on April 18, and respondent's initial brief also recited (p. 4) that petitioner's letter was sent that day.
Respondent Board subsequently submitted, however, that the letter of April 18, 1996, bears its date stamp of April 26, 1996, apparently indicating receipt by the Board on that day. The reliability of that date stamp is substantially undermined by the fact that petitioner's previous letter to the Board dated March 5, 1996, also bears the Board's date stamp of April 26, 1996. Petitioner sent that letter in an effort to head off a formal adverse ruling of the Board, apparently after she had received informal notice that such a ruling would be made pursuant to the Board's vote of February 29, 1996. It is most unlikely that petitioner would have held on to her March 5 letter until after the Board's formal ruling of April 1, 1996, and then mailed it at about the same time she mailed her petition for reconsideration of the formal ruling. Under all the circumstances, we conclude that the petition for reconsideration was timely and thus tolled the petitioner's time to petition this court for review. See D.C.App.R. 15(b). We do not reach petitioner's alternative position that the Board waived any argument that this court lacks jurisdiction. See Barnett v. District of Columbia Dep't of Employment Servs., 491 A.2d 1156, 1158 n. 4 (D.C.1985).
[3] In both of her letters, appellant alleged that she signed the separation agreement under duress. The Board, however, ruled that this allegation was not a proper subject matter for reconsideration, as it had not been raised in the initial application for survivor annuity benefits. See note 1, supra, D.C. PERSONNEL REGULATIONS, Ch. 26B §§ 2525.1, 2526.1, and 2526.2. In light of the disposition we reach, we need not consider whether the Board erred in declining to consider petitioner's allegations of duress.
[4] The separation agreement indicated that Maryland law would be the governing law of the agreement.
[5] The surviving spouse's automatic entitlement to annuity benefits is also expressed in the Survivors' Benefits section of the District of Columbia Police Officers and Firefighters Retirement Plan publication. The Survivors' Benefit section provides, in relevant part, that a survivor "benefit is paid automatically whether [a member] die[s] before or after [he] retire[s]." DISTRICT OF COLUMBIA RETIREMENT BOARD, SUMMARY PLAN DESCRIPTION OF THE RETIREMENT PLAN FOR THE DISTRICT OF COLUMBIA POLICE OFFICERS & FIREFIGHTERS 26 (1985) ("Retirement Plan").
[6] See note 5, supra.
[7] Counsel for the Board argues that Ms. Jackson's survivor annuity was freely alienable. Even if we were to accept that proposition, it would not affect the outcome, as we conclude that she did not undertake to alienate it.
[8] The record before us does not disclose whether the personnel records of Mr. Jackson identified his spouse. If they did, it could reasonably be maintained that the survivor annuity was in her name.